LAUMEIER, *Appellant*, v. GEHNER.

Division One, May 23, 1892.

Supreme Court Practice: ILLEGAL EVIDENCE: HARMLESS ERROR.
Where an action is tried by the court without a jury, and there is
ample legal evidence to sustain the verdict, the judgment will not be
reversed because of errors in the admission of illegal evidence which
could not have prejudiced the appellant's case.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL
DILLON, Judge.

AFFIRMED.

*Frank M. Estes* for appellant.

(1) The court erred in excluding competent evidence on behalf of plaintiff: *First.* Plaintiff's testimony as to what Laumeier, deceased, did with the note upon indorsing it, and the subsequent custody of the box containing it. *Second.* Schedule made by Laumeier, deceased, before indorsement of note in suit, of notes in his possession, including said notes. *Third.* Testimony as to declaration of Laumeier, deceased, as to his giving notes to the plaintiff. (2) The court erred in admitting incompetent evidence offered by defendant. *First.* Tax returns of one Christiane Laumeier. *Second.* Defendant's checks given to Laumeier, deceased, prior to the date and maturity of the note in suit. *Third.* Defendant's checks given to Laumeier, deceased, subsequent to maturity of note in suit. *Fourth.* Defendant's checks given to plaintiff subsequent to death of Laumeier. *Fifth.* Other evidence as to particular business transactions between

plaintiff and defendant subsequent to death of Laumeier, and not connected with note in suit. *Sixth.* Testimony of defendant as to alleged transactions and conversations between himself and Laumeier, deceased, in connection with defendant's claim of payment of note in suit. *Seventh.* Testimony of defendant as to contents of books, papers and documents, without production or proof of inaccessibility thereof. (3) The court erred in its finding and judgment. *First.* Defendant's special plea of payment was not supported by the evidence. *Second.* Under the pleadings and the evidence plaintiff was entitled to a finding and judgment in her favor.

*Kerr & Tittman* for respondent.

(1) Where in an action at law the trial is had by the court without a jury, and no instructions are asked or given, there is nothing to review, and the judgment should be affirmed. *Thies v. Garbe,* 88 Mo. 146; *Miller v. Breneke,* 83 Mo. 163; *Smith v. Dunklin Co.,* 83 Mo. 195; *Weilandy v. Lemuel,* 47 Mo. 322; *Garrison v. Lyle,* 38 Mo. App. 559; *Renney v. Williams,* 89 Mo. 145. The finding of the trial court as to the facts where the evidence is conflicting is binding on the appellate court. *Mead v. Spalding,* 94 Mo. 43; *Krider v. Milner,* 99 Mo. 145. And it will be presumed, in the absence of anything to the contrary in the record, that the trial court placed its finding on the correct ground. *Sebree v. Patterson,* 92 Mo. 451. (2) The rulings of the court below on the evidence were careful and entirely correct. By examining the defendant Gehner in relation to the transaction between himself and the deceased, H. H. Laumeier, the plaintiff waived any and all objection to his competency as a witness, and rendered him competent to testify. *Tomlinson v. Ellison,* 104 Mo. 105; *Niccols v. Esterly,* 16 Kan. 32;

13 Cent. Law. Jour., p. 342; *Harper v. Parks*, 63 Ga. 705; *Thomas v. Thomas*, 42 Ala. 120. Moreover, as the defense was completely established by other and uncontradicted evidence, the admission of the testimony of the defendant Gehner, even if found to be incompetent, would not constitute error. *Julian v. Calkins*, 85 Mo. 202. (3) The delivery and gift of the note to plaintiff was a question of fact, and a material issue in the case. Any inference which might be drawn in her favor from the fact that she produced the note is rebutted by the fact that she was executrix of her husband's will and administered upon his estate. The presumption is that she acquired possession as executrix. *Lynch v. Benton*, 12 Rob. 113; *Succession of Alexander*, 18 La. Ann. 337. (4) The same force and effect is to be given to the statement of the facts set out in the affidavit as the evidence of the witness, Hartmann, as if he had appeared in court and had so testified. R. S. 1889, par. 2127; *Elsner v. Sup. Lodge*, 98 Mo. 640; *State v. Underwood*, 75 Mo. 230. And, as the evidence was uncontradicted and unimpeached, it established a complete defense. (5) The passing of checks, settling of accounts and making of loans between the parties after the maturity of the note, and the delay in bringing suit on it raise the presumption of payment. *Ham v. Barrett*, 28 Mo. 388; *Bougher v. Kimball*, 30 Mo. 193; *Gibson v. Hanna*, 12 Mo. 165; *Pickel v. Chamber of Commerce*, 10 Mo. App. 191; 1 Greenleaf on Evidence [14 Ed.] pars. 44, 48.

BRACE, J.—This is an action commenced on the twenty-sixth of April, 1889, on a promissory note executed by the defendant on the twenty-eighth of April, 1879, payable twenty days after date to H. H. Laumeier or order for the sum of $2,500, with interest from date at the rate of ten per cent. per annum, which the

plaintiff avers the said Laumeier assigned by indorsement and delivered to her.

The answer admitted the execution of the note, denied the assignment and contained the following special plea: "That for many years prior to the death of said H. H. Laumeier, which occurred on the eleventh day of August, 1881, the said Laumeier and this defendant had numerous business transactions together; that said Laumeier was possessed of means which he loaned at interest and employed in the purchase of notes secured by deed of trust, and that he made such loans and purchases through the defendant; that, with a view to their investment in the purchase of a loan for a larger amount, the said H. H. Laumeier, on or about April 28, 1879, deposited with the defendant the sum of $2,500, in evidence of which defendant gave him the note recited in the petition, such note to be returned to the defendant as soon as the contemplated loan should be completed; that said loan was subsequently completed, the said $2,500, with other means, being used in making it, and that said loan was accepted by said Laumeier, who received the notes and security therefor; whereby and by means whereof the note recited in the petition was fully paid, satisfied and discharged, and defendant became entitled to the return thereof; that said Laumeier promised to return the same to defendant, and frequently before his death repeated said promise, but probably through inadvertence, or other cause not known to defendant, failed to return said note to defendant; that said H. H. Laumeier and this defendant, after the maturity of the notes sued on, and whilst the same was in his custody, frequently accounted together in respect to their mutual dealings, and stated and settled the accounts between them, and that all matters of indebtedness, in whatever form existing, between the said H. H. Laumeier and this defendant,

were mutually fully paid, satisfied and discharged prior to the death of said H. H. Laumeier."

The plaintiff is the widow of the said H. H. Laumeier deceased, and executrix of his will, but sues in her own right as assignee of the note. The case was tried by the court without a jury, and no instructions asked or given. The finding and judgment were for the defendant, and the plaintiff appeals. The only errors assigned are, upon the action of the court in excluding and admitting evidence, and in not finding for the plaintiff.

We have examined *seriatim* the several objections to the action of the court in this behalf, and find its rulings in the main correct. So far as any evidence excluded bore upon the issue of assignment, the plaintiff has no cause of complaint, as that issue was found for her, and the note and its indorsement permitted to be read in evidence. The special plea set up a good defense to plaintiff's cause of action. There was ample legal evidence given to support it, and upon which the finding of the court may safely rest, even though some of the technical objections made to the action of the court on the admission of evidence should be sustained.

We find no erroneous ruling of the court adverse to the plaintiff that could have prejudiced his case in a trial before a judge, of whose capacity to discriminate between legal and illegal evidence, and to properly weigh testimony, this record furnishes ample proof.

Under such circumstances we do not deem it necessary to set out and review the technical objections, upon the admission of evidence, made to support this appeal, as we might do if the case had been tried before a jury. There is no merit in the appeal.

The judgment is for the right party on the unquestionable legal evidence in the case, and is affirmed. All concur, except BARCLAY, J., absent.