# NANNIE CLAYTON

## vs.

## CHARLES F. STEIN ET AL.

*Counsel Fee—Prior Adjudication.*

Appellant, in her answer to appellees' petition, having made no objection as to the amount of the counsel fee to be allowed appellees, but merely questioned the latters' right to any counsel fee, and this question having been decided in their favor on a former appeal, *held* that the order allowing them a named amount should be affirmed.

*Decided January 12th, 1921.*

Appeal from the Circuit Court of Baltimore City (STANTON, J.).

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John Watson, Jr.,* for the appellant.

*Richard S. Culbreth,* for the appellee.

THOMAS, J., delivered the opinion of the court.

This is the second appeal in this case. The case as presented by the former appeal (135 Md. 684) was stated by JUDGE URNER, as follows:

"In the case of *Smith* v. *Baltimore Trust Co.,* 133 Md. 404, this Court affirmed a decree construing the will of James E. Clayton and holding that as to the one-sixth of his estate involved in the proceedings he died intestate. As a result of the intestacy thus adjudicated the affected portion of the testator's estate was decreed to be vested in his sister, Nannie Clayton, as his only heir at law. According to the theory of construction which failed of acceptance, the estate in question would have passed to the children of two deceased aunts of the testator. The petition for the construction of the will was filed by the trustees to whom the estate had been devised under limitations which had terminated at the time of the institution of the proceedings. Of the parties whose interests were adverse to the theory of intestacy, one adult defendant by his answer merely stated his desire for such a decree as the court might deem proper, and the guardian *ad litem* of the only infant defendant submitted her rights to the court's protection, while all the other parties having the interest just referred to asserted it in their answers. Only one of the defendants, however, appealed from the decree. After it had been affirmed the appellant's solicitors applied for and obtained an order of the court below directing the auditor to allow them out of the fund for distribution a fee of $500 for their services in that court, and on appeal, subject to the usual right of exception. To this allowance, as made in the audit, exceptions were filed by the testator's sister, to whom the fund had been decreed to be payable. The pending appeal is from an order overruling these exceptions and ratifying the audit.

"The record includes a stipulation that the services rendered by the present appellee's solicitors in the proceeding for the construction of the will required much time and effort; that the amount involved is about $10,000; that $500 is a moderate charge for such services; that these solicitors were not employed by the trustees or the party decreed to be entitled to the fund, and that they have received no fee from the

parties they represented. It thus appears that no question is raised as to the amount of fee allowed the appellee's solicitors, and that the only inquiry is whether it is properly chargeable against the fund decreed to be distributable to the present appellant."

After discussing the decisions bearing upon the only question there involved, the court reached the conclusion that under all the circumstances it would be proper to allow out of the fund to the appellee solicitors such an amount as the court below might determine would be "reasonable compensation for their services in that court, in so far as they may be regarded as having practically represented the interest of the infant defendant," and the order of the court below was reversed and the case remanded to the end that the order appealed from might be thus modified.

After the case was remanded to the lower court, the appellees in the former appeal filed a petition in that court setting out the decision of this Court, the stipulation as to the value of the services contained in the former record, and the previous amount allowed, and praying the court to modify its order in accordance with said decision. The court below thereupon passed an order that the petitioners be allowed the sum of $400 as compensation for their services, unless cause to the contrary be shown on or before the 26th day of February, 1920, provided a copy of the petition and order be served on Nannie Clayton, or her solicitor of record, on or before the 21st day of February, 1920. On the 24th of February, 1920, Nannie Clayton filed her answer to the petition, in which she admitted the stipulation as to the value of the services, but denied that the petition contained a correct excerpt from the opinion of this Court, and further denied that "the petitioners rendered any services whatever for which they should be allowed any compensation out of any fund mentioned or referred to" in the cause; and on the 28th day of April, 1920, the court below passed the order from which this appeal was taken, in which, after reciting

that no sufficient cause to the contrary had been shown, it was ordered that the present appellees be paid a fee of $400 for their services in the case in that court.

It will be observed that here, as on the former appeal, no question was raised or objection made in the court below in regard to the amount allowed in the *nisi* order of that court. The only question raised by the answer of Nannie Clayton, the appellant, was as to the right of the petitioners to *any allowance* out of the fund in question. As that question was fully considered and finally adjudicated in the former appeal, the order appealed from in this case must be affirmed. *Park Land Corp.* v. *Baltimore,* 128 Md. 611; *Cahill* v. *Baltimore,* 129 Md. 17; *Diggs* v. *Smith,* 130 Md. 101.

*Order affirmed, with costs.*