VERN CHRISTIE, RESPONDENT, v. FRED L. RANDOL, APPELLANT.—38 S. W. (2d) 539.

Kansas City Court of Appeals. Opinion filed May 4, 1931.

*Ellison & Dabbs* for respondent.

*H. M. Griffith* for appellant.

CAMPBELL, C.—Plaintiff parked a Hupmobile touring car belonging to him on the right side of Eighteenth Street in Kansas City. A Whippet automobile was parked directly back of the Hupmobile. While the cars were thus parked a heavily loaded truck owned and operated by defendant ran into plaintiff's said car and damaged it.

Assignment 1 is that the verdict is against the weight of the evidence.

Assignment 2 is that the verdict is for the wrong party. The weight of the evidence was for the jury. The fact that the truck, which was under the management of defendant, ran into plain-

tiff's automobile while it was parked and stationary on the street, made a *prima-facie* case of negligence against defendant. [Rockenstein v. Rogers, 31 S. W. (2d) 792.] Defendant did not request the court to direct a verdict in his behalf, which is an admission that the case was for the jury. Said assignments are ruled against defendant.

Assignment 3 is that the court erred in admitting incompetent, irrelevant and immaterial evidence offered by the plaintiff. No exception was saved to the admission of the evidence of which complaint is made. The assignment is ruled against defendant.

Assignment 4 is that plaintiff's counsel made improper argument to the jury. The argument is not preserved in the record.

Assignment 5 is that the court erred in permitting plaintiff's attorney to ask leading questions. No exception was saved to the action of the court in that respect.

Assignment 6 is that the damage assessed by the jury is excessive. Plaintiff's evidence is that before the collision his car was worth $500; that after the collision it was not worth more than $25. The jury returned a verdict in his favor in the sum of $330. There was ample evidence to justify the verdict.

Assignment 7 is that the verdict should have been for the defendant for the reason that defendant made out a clear case of inevitable accident. In a few minutes after the collision and while the driver of the truck was at the scene thereof, he stated that the collision occurred because "the brakes would not hold." At the trial he testified that the accident occurred because a spring in the steering gear of the truck broke and he was therefor unable to control the movement of the truck. The value of his explanation was for the jury.

The defendant asked and received five instructions which submitted his theory of the case is a way most favorable to him. Error is not assigned to any of plaintiff's instructions. The record is free of error prejudicial to defendant and the judgment should be, and is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.