UNITED STATES FIDELITY AND GUARANTY COMPANY, RESPONDENT, v. EUGENE GOODSON, APPELLANT.—54 S. W. (2d) 754.

Kansas City Court of Appeals.   October 3, 1932.

*Paul C. Sprinkle* and *Ingraham D. Hook* for respondent.

*Gilbert J. Clevidence* for appellant.

CAMPBELL, C.—Plaintiff issued to Mayer Brothers Company a policy of liability insurance covering claims based upon the workmen's compensation law of Nebraska. On February 27, 1924, (policy was then in force), George W. Robinson, an employee of insured, while on his way to work, was injured in consequence of the alleged negligence of Eugene Goodson, defendant herein. On April 25, 1924, Eugene Goodson and his insurance carrier, American Casualty Company, paid the employee Robinson the sum of $750 in full settlement of his claim against them for his said injuries. Thereafter the employee Robinson filed claim with the compensation commission of Nebraska against Mayer Brothers Company, employer, and plaintiff herein as insurer, seeking an award on account of his injuries. The claim was heard, resulting in an award in favor of the claimant in the sum of $362, which was paid by plaintiff. The insured assigned to plaintiff its right against defendant on account of the award. Thereafter plaintiff brought this action to recover from defendant the amount of the award. The cause was tried to the court, jury waived, resulting in finding and judgment for the plaintiff as prayed. Defendant appeals.

At the close of plaintiff's evidence and again at the close of the whole case, the defendant requested the court to direct verdict in its favor. The requests were denied. No other declarations of law were asked or given. It follows that if there was substantial evidence, though slight, to support the judgment, we will not interfere. [Kelvinator St. Louis, Inc., v. Schrader, 39 S. W. (2d) 385.]

Plaintiff claims that upon payment of the award and the execution of the assignment it was subrogated to the right of Robinson against the defendant herein by virtue of the provisions of Section 3041 compiled statutes of Nebraska, 1922, which is as follows:

"Where a third person is liable to the employee or to the dependents for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person and recovery by such employer shall not be limited to the amount paid as compensation to such employee or to his dependents, but such employer may recover any amount as such employee would have been entitled to recover . . ."

The defendant argues that although plaintiff was subrogated to the right of the employee, Robinson, it had no cause of action against the defendant, Goodson, unless Robinson had a cause of action against him. The statute says that where a third person is liable for an injury to an employee, the employer against whom compensation has been awarded shall be subrogated to the right of the employee against

the third person, and that the employer may recover against the third person ''any amount as such employee would have been entitled to recover.'' Manifestly, the employer cannot have any other or greater right than the employee. It follows that unless the employee, Robinson, had a cause of action against the defendant, Goodson, the plaintiff has no cause of action against him.

It is not controverted that Robinson sustained injury. In event defendant's negligence was the proximate cause of such injury, Robinson had a cause of action against him.

The record discloses that Robinson was riding a bicycle northward on a public street in the city of Lincoln, Nebraska; that defendant, driving an automobile, overtook him, turned to Robinson's left and attempted to pass; that while passing the bicycle the rear fender or bumper of the automobile struck the bicycle, in consequence of which Robinson was severely injured.

Mr. Robinson testified:

''Q. And he ran into you as he turned to go around you? A. Yes, sir. I think he turned too short the only way I can make it out, because it was the hind end of his car, the hind fender—or I suppose maybe he had a bumper—that just seemed to catch my wheel and just threw me right around sideways.''

The defendant testified that as he approached the bicycle he altered his course by turning to the left; that he saw plaintiff as he passed by him. ''It was a foggy morning and snow on the ground and any automobile driver is a little leary of a bicycle in front of him, and I honked the horn several times to be sure that the man knew I was going to pass him, and I then turned my car over into the street car tracks to pass the bicycle, and my judgment was that he must have been five or six feet at least away from the car. Miss Katherine was sitting next to him and she would have a better idea of that than I would have.''

Miss Katherine Goodson, who was sitting to the right of defendant, testified that Robinson was travelling in a northerly direction.

''Q. And didn't move to the right or left, is that right? A. Yes.''

From the foregoing the trial judge was warranted in finding that Robinson was pursuing a direct course; that he did not swerve to the right or to the left; that defendant passed so near to him that the automobile collided with the bicycle, thus causing Robinson to be injured. The showing that Robinson did not swerve either to the right or to the left, and that the automobile operated by the defendant collided with the bicycle, was sufficient to justify the trier of the fact in finding negligence on the part of the defendant. The

principle announced in the case of Christie v. Randol, 38 S. W. (2d) 538, is applicable here. The point is ruled against defendant.

Defendant argues that it was error to permit the plaintiff to introduce the release obtained by defendant and the American Casualty Company for the reason that the release was a compromise settlement and hence not an admission of liability on the part of defendant. In passing on this question it must be borne in mind that the case was tried to the court, and that the same strictness as to the admission of evidence is not applied as is applied in cases tried before a jury. [Powers & Boyd v. Muir, 123 S. W. 490; Laumeir v. Gehmer, 19 S. W. 82.] The error, if any, was not sufficient to work reversal.

The defendant also insists that there was no evidence that the employee made the settlement with defendant and his insurer without the consent of the employer. It was shown that defendant and his insurer made the settlement with Robinson. There is no evidence that the employer was present or participated therein. The trier of the fact could rightfully infer that the employer did not consent to or have knowledge of the settlement at the time it was made.

Moreover, the trial judge could of right infer that defendant did not contend that the employer consented to the settlement with Robinson. During the trial counsel for plaintiff stated repeatedly to the court that the defendant and his insurance company, without the consent of the employer, made settlement with Robinson. The statements were not controverted by defendant's counsel. In the circumstances the trial judge could proceed upon the theory that defendant acquiesced to the statements. [Walsh v. Mo. Pac. Ry. Co., 14 S. W. 873, 875.]

This view is further supported by the record. Defendant's counsel when stating its contentions said that it was defendant's *position* that *unless* negligence on the part of defendant was shown, there could be no recovery. This was merely another way of saying that if negligence were shown, plaintiff was entitled to recover. There is nothing in the record to indicate that defendant controverted the claim of plaintiff that it did not consent to the settlement with Robinson. The rule that a litigant upon appeal is bound by the theory adopted below is applicable here.

We do not say that an insurance carrier by paying an award against it and its insured is thereby subrogated to the right of the injured person against the third person whose negligence caused the injury upon which the award was based, nor do we say the insurer who does not pay an award against it can have right of subrogation under the terms of said section 3041. It will be time to determine such questions when they are presented.

Considering the theory upon which the case was tried and presented

here, the trial court will not be convicted of error. The judgment is affirmed. *Boyer*, C., concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.