E. F. ENOCH CO., INC., ET AL. *v.* ALFRED E. JOHNSON

[No. 18, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*James J. Lindsay,* for the appellants.

*Thomas G. Andrew* and *Everett L. Buckmaster,* with whom were *Weinberg & Green* on the brief, for the appellee.

GRASON, J., delived the opinion of the court.

On June 19, 1941, and for six or seven years prior thereto, Alfred E. Johnson was employed by Horstmeier Lumber Company. He drove a horse hitched to a wagon, with which he hauled lumber for his employer. On the afternoon of the day mentioned, he was driving a big bay horse hitched to a wagon loaded with lumber. It was a gentle horse, accustomed to traffic, and Johnson had driven this horse for a number of years and had ridden on its back before the day of the accident. He was traveling north on Caroline Street, and when he was near Eastern Avenue, in Baltimore City, the horse cast a shoe from its left front hoof. He pulled to the east curb of Caroline Street, unhitched the horse from the wagon, got on its back, entered Eastern Avenue and was on his way to a blacksmith shop to have the horse shod. When he arrived at the intersection of Eastern Avenue and Central Avenue the accident involved in this case happened, and Johnson was severely injured. He filed a claim with the State Industrial Accident Commission and was awarded compensation.

This suit was instituted by Johnson to his own use and to the use of the Liberty Mutual Insurance Company, the insurer of the employer of Johnson. Three exceptions reserved by appellants were pressed in this Court. The other exceptions will be treated as abandoned. Two of the exceptions argued here were taken to Court's ruling on evidence and the third exception urged was reserved to the Court's refusal to grant appellants' "A" prayer, which was a demurrer to the evidence offered by appellee. This appeal is from a judgment entered below against appellants. The declaration charges that appellants' tractor-trailer, operated by its employee, Strawderman, was

so negligently driven that it caused the injury to Johnson, who at the time was free of negligence contributing thereto.

Johnson testified: "I was going right straight at the time and that is when this here big truck came past me, and as he went past me, he hit my leg here (indicating). And I looked down and it looked like it had nuts and bolts or something all along the side of the truck, and when it went past me the horse made a couple of steps and then I fell off the horse right there in the middle of Central Avenue and Eastern Avenue. The truck was passing me in the middle of Central Avenue and Eastern Avenue. Before I was struck, the horse did not swerve or veer to one side or the other and the horse was not limping at all either. He was walking straight. At the time, I was on the right side of the street." Q. "In other words, then, you were struck as I understand you, about three or four feet from the east end of the manhole plate that is out here in Central Avenue?" His answer was: "Yes." Q. "Now, Alfred, as you got as you say, to Central Avenue, what if anything happened to you there?" A. "Well, I was coming on up Eastern Avenue and when I got to Central Avenue, when I got there, it looked like that truck, you see, when it got to me, it swung in, for an automobile was going east and it looked like to avoid or keep from hitting that automobile that he swung over and hit me."

The defendants moved that the answer be stricken out, which was overruled. This constitutes the first exception. The appellants contend this answer is a conclusion reached by the witness and not a fact. The motion was not directed to a part of the answer, but to all of the answer. Part of the answer was relevant and based on the knowledge of the witness. He stated he saw "an automobile going east". This was not a conclusion. It was testimony to be weighed and passed on by the jury. And if it be conceded that the answer contained conclusions, it, nevertheless, contained the quoted statement to which the witness testified as a fact. The motion was, therefore, plainly too broad, and the ruling of the Court

for the reason was correct. The witness could, with propriety, state when he arrived at Central Avenue: "An automobile was going east". The witness contained: "It looked like to avoid or keep from hitting that automobile that he swung over and hit me."

In *Wigmore on Evidence*, 3d Ed., Vol. 2, Sec. 658, it is stated: " 'Belief' or 'impression' may signify merely the degree of positiveness of his original observation of the facts. The witness may have had actual observation of the matter in hand, but the result may have been a not very definite or positive impression; for example, he saw a man and 'thought' that it was the accused. In such cases there is no legal objection whatever to receiving such impression as the witness gained from his observation. In other word, the degree or quality of his knowledge, so far as there was actual personal observation by him, is no ground of objection."

The witness was describing not only what he observed but his actual experience. He was riding a horse which was walking, traveling west. The tractor, going west, passed him, but the trailer attached thereto had not passed him. He saw an automobile coming east, and the witness, in describing how the accident happened, said: "It looked like that truck * * * when it got to me, it swung in, for an automobile was going east and it looked like to avoid or keep from hitting that automobile that he swung over and hit me." This was not a conclusion of the witness, but was an impression based on facts relating to an accident which the witness experienced. The motion of appellants was properly overruled.

George Romaniello was employed at a filling station at the southwest corner of Eastern and Central Avenues. He was sitting on the west side of the station, facing north. He testified: "The horse was a big work horse with a bridle on it. There was a man riding on his back and the horse was moving at a slow gait, just walking. When I saw the horse coming up the street, I happened to be looking down that way. I had never even knew the truck had struck the colored man or the horse till

after the truck was past." Q. "After you first noticed the horse and the truck coming, did you observe them as they moved down the street or did you look away?" A. "I was looking. I did not know the truck had struck him until the fellow fell over the horse's head. The truck was coming in the same direction as the horse was. I imagine the truck was going ten or twelve miles an hour. It was not going very fast. It seems as though the driver did not make any attempt to swerve away from the horse. As the truck approached the horse and rider I was looking in that direction. I did not observe whether or not the truck driver gave any signal to pass the horse and rider. The truck driver did not honk the horn on his truck and I did not observe or hear any signal made by the driver. Just before the truck got even with the horse and rider, I observed the movements of the horse and the horse was not rearing, or excitable or plunging, or anything of that nature." This testimony was not objected to by appellants, and was, therefore, to be given consideration. The question was then asked: "After the truck passed the horse and rider, what did you say you saw?" A. "After he had passed, well, that is when I knew he had hit the colored fellow." To this answer the defendants objected and moved that the same be stricken out, which the Court overruled, and this ruling constitutes the second exception. The witness previously testified (1) "I never knew the truck had struck the colored man or the horse till after the truck was past", and (2) "I did not know the truck had struck him until the fellow fell over the horse's head." Following this testimony, not objected to, the appellants now claim they were harmed when the witness testified a third time: "After he had passed, well, that is when I knew he had hit the colored fellow." In view of the testimony to which we have referred, which was not objected to, we regard the ruling that constitutes this exception, harmless.

This brings us to the third and last exception pressed in this Court. It was reserved to the ruling of the Court

in refusing to grant appellants' "A" prayer. This prayer asked the Court to instruct the judy "that there is no evidence of negligence in this case legally sufficient to entitle plaintiff to recover and, therefore, their verdict must be for the defendant". This prayer was a demurrer to the evidence and in passing on it the Court was bound to assume the truth of the testimony offered by appellee and he was entitled to the most favorable inferences derivable therefrom.

From the evidence hereinbefore referred to, the following facts for the purpose of ruling on this prayer are established: Johnson, traveling west on Eastern Avenue, and on the right of the center of the street, entered the intersection formed by it and Central Avenue. He intended to cross Central Avenue and to proceed westerly on Eastern Avenue. When he was in the intersection, riding a big work horse which was walking, the tractor, drawing a trailer, going west, overtook him and attempted to pass him on the left. When the tractor passed Johnson riding on this horse, an automobile was approaching from the east. At that time the trailer had not passed the horse and rider. To avoid a collision with the eastbound automobile, the driver of the tractor turned to his right and the trailer which it was pulling struck Johnson's leg, knocking him from the horse and severely injuring him. From the mere statement of these facts, which, under the demurrer prayer the Court was required to assume to be true, only one conclusion can be drawn, and that is that the driver of the tractor was guilty of negligence.

In *Standard Oil Co. v. Stern,* 167 Md. 211, at page 215, 173 A. 205, at page 207, it is said: "When a driver does turn from the right to the left in overtaking another vehicle or avoiding any other obstruction to traffic on the right, he takes the risk involved in this exercise of judgment, and, as Judge Stockbridge said in *Greenbaum v. Costa,* supra (137 Md. 523, 113 A. 79), it is 'incumbent upon him to exercise an even greater degree of care than would otherwise' be the case." See *Meese v. Goodman,* 167 Md. 658, 176 A. 621.

In *Mark v. Fritsch et al.*, 195 N. Y. 282, 284, 88 N. E. 380, 381, it is said: "In the case of two cars traveling in the same direction, the front one has the superior right and may maintain its position in the center of the highway, if there is sufficient space on its left as prescribed by statute * * * to enable the approaching car safely and conveniently to pass."

In *United States F. & G. Co. v. Goodson*, 227 Mo. App. 456, 458, 54 S. W. 2d 754, 756, it is said: "From the foregoing the trial judge was warranted in finding that Robinson was pursuing a direct course; that he did not swerve to the right or to the left; that defendant passed so near to him that the automobile collided with the bicycle (which was ridden by Robinson), thus causing Robinson to be injured. The showing that Robinson did not swerve either to the right or to the left, and that the automobile operated by the defendant collided with the bicycle, was sufficient to justify the trier of the fact in finding negligence on the part of the defendant."

In the case of *Madine v. Schrager*, 180 N. Y. S. 442, plaintiff was riding a motorcycle in a straight course on the right side of the road. Defendant, operating an automobile in the same direction, caused the mudguard of the automobile to strike the left side of the handle bar of the motorcycle. The Court held that it was clearly the defendant's duty, in passing to the left of the plaintiff, to so operate his automobile as to avoid striking plaintiff's machine, and whether the defendant exercised reasonable care, or any at all, in attempting to pass the plaintiff as he did, was a question of fact for the jury.

The Court was correct in refusing appellants' "A" prayer. Finding no reversible error in any of these exceptions the judgment below will be affirmed.

*Judgment affirmed, with costs to appellee.*