STATE of Missouri, Respondent,

v.

Virgil Lee GOODPASTER, alias Sam Goodpaster, Appellant.

No. 53619.

Supreme Court of Missouri, Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard G. Altobelli, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Max H. Glover, Webb City, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of uttering a forged check. Pursuant to that verdict and upon a finding of prior felony conviction, the court assessed appellant's punishment at 5 years' imprisonment in custody of the Department of Corrections and sentenced him accordingly. §§ 561.011 and 556.280, V.A.M.S.

Appellant tacitly concedes the sufficiency of evidence to support his conviction and a brief statement demonstrates that the state made a submissible case.

Myron Rosenberg, Jay Rosenberg, Sam Rosenberg, and Pearl Rosenberg were partners in the ownership and operation of Standard Iron and Steel Company. The partnership kept its only account with the Webb City Bank. No one except the partners was authorized to draw checks against

the account, and no one named or using the name Edward Stinson was in their employ.

Exhibit 3 was a green check of the type used by Standard Iron and Steel Company on October 17, 1967. It was dated October 17, 1967, signed "Edward Stinson," and made payable to Paul Puckett in amount $120.10. The partnership did not employ anyone named Paul Puckett. Use of this type check was discontinued following a burglary of the company on the night of October 17, 1967, in which the company's checkbook was taken. Exhibit 3 was identified as a check from the missing checkbook. The company directed the bank to "freeze" the account with respect to this type and series of checks.

Jerry Colton cashed Exhibit 3 for appellant and gave him $120.10 for it at the Piggly-Wiggly store in Joplin, Missouri. Mr. Colton did not see appellant endorse his name on the check but did see him write his address on the check immediately below the endorsement, "Paul Puckett." The Webb City Bank refused to pay the check.

Appellant charges error in permitting Harold Jones to testify when he was never endorsed on the information nor placed under subpoena. Mr. Jones, Clerk of the Jasper County Circuit Court, was permitted to testify to appellant's prior conviction, and he identified Virgil Lee Goodpaster as the subject of the prior conviction and stated he was also known as Sam Goodpaster.

Criminal Rule 24.17, V.A.M.R., provides that "When an indictment or information is filed the names of all material witnesses for the prosecution shall be endorsed thereon. * * * other witnesses may be added at any time upon order of court and after notice to the defendant or his attorney * * *. Other witnesses may be subpoenaed and used by the state * * *." See also Sections 545.070 and 545.240, V.A.M.S. It is apparent that the

letter of the rule was violated; however, it has been "uniformly held that * * * we will not reverse for failure to so indorse witnesses' names, unless there is a showing that the defendant has been prejudiced by reason of such failure." State v. Lindsey, Mo., 80 S.W.2d 123, 126 [7–9]; State v. Frost, Mo., 289 S.W. 895, 898 [7]. There is no showing or prejudice in this case as the facts demonstrate. By letter dated November 22, 1967, counsel for appellant was advised by the assistant prosecuting attorney of the exact substance of Mr. Jones's testimony in that "On Monday, November 27, 1967, I will ask leave of Court to endorse Harold Jones, Circuit Clerk, as a witness * * *. His testimony will be in regard to former convictions of Mr. Goodpaster. If you have any objections to this endorsement, please contact me." Appellant went to trial November 27, 1967, without objection to Mr. Jones being called as a witness or to his testimony. He sought no continuance, he claimed no surprise, and there was no concealment or misleading. State v. Whitsett, 232 Mo. 511, 134 S.W. 555, 560.

Appellant charges also that the court erred in admitting Exhibit 4, a second check, into evidence on the ground the state failed to show it was forged.

Connie Lee identified Exhibit 4 in evidence as a check she cashed for defendant October 17, 1967, at Thriftway in Joplin, Missouri. The check was identical to Exhibit 3 except for its serial number, 13642 instead of 13646, and three or four checks after the last properly executed check were taken in the burglary. Payment on it was also refused by the bank. These facts permit an inference that Exhibit 4 was also a forgery and it became admissible under the rule that in a prosecution for uttering a forged check, evidence of utterance by accused of another check on the same day directly tends to prove the attempt to defraud by utterance of the check described in the information. State v. Garrison, Mo., 305 S.W.2d 447, 451

[3, 4]. Cf. State v. Summers, Mo., 362 S.W.2d 537, 542 [10, 11].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.