**STATE of Missouri, Plaintiff,**

v.

**Walter W. WHALEY, Defendant.**

**No. 35268.**

Missouri Court of Appeals,
St. Louis District, Division 2.

July 23, 1974.

Joseph S. Sanchez, Public Defender, Hillsboro, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

This is an appeal by defendant, Walter W. Whaley, in a court tried case, from a judgment of conviction entered by the circuit court of Jefferson County, Missouri, for burglary in the second degree, and burglarious stealing, § 560.110, RSMo 1969, V.A.M.S., and a sentence of five (5) years on each Count in the custody of the Department of Corrections.

Defendant alleges that the court erroneously (1) admitted the testimony of an unendorsed witness; (2) admitted testimony as to the ownership of property contrary as to the ownership described in the information; (3) admitted opinion evidence as to the description of a diamond ring; and (4) submitted case to the court because of an insufficiency of evidence. Our review indicated that none of defend-

ant's allegations have any merit, but claim number three, however, the error, if error, is harmless; therefore, we affirm.

Because of defendant's claim as to the sufficiency of the evidence, we set out the evidence somewhat in detail. On January 8, 1972, defendant and an unknown lady rented a basement apartment from Mrs. Martin in Festus, Missouri, on a week to week basis. Defendant's lady friend paid the last rent on February 26, 1972, which paid it up to March 4, 1972.

The other basement apartment, to the south of defendant's apartment, was occupied by Mr. and Mrs. Donald E. Williams, both school teachers, who had lived there for fifteen years. On February 28, 1972, after the Williams had returned from school about 3:30 P.M., Thelma Williams told Donald that she was missing some money, and a white gold ten point diamond set, her wedding band and engagement ring. Upon being told this Donald checked his strong box—he found missing Seven Hundred Dollars ($700.00) in American Express Traveler's checks and a .38 caliber revolver. Immediately thereafter he called the police. Introduced as exhibits were: (1) a list of the Traveler's checks' numbers (kept by Mr. Williams), and three Traveler's checks (each check number was contained on the list kept by Mr. Williams). Undisputed testimony showed that in May, 1972, defendant negotiated each of the three checks and signed his name as Eugene Williams. Evidence also showed that in consideration for the negotiation of the checks, defendant gave the casher of the checks a five dollar windfall.

Mr. Williams' south apartment was separated from defendant's north apartment by a furnace room and either a plaster board or chalkboard wall. To enter the furnace room one had to enter from either the Williams' or defendant's apartment. To enter from the Williams' apartment, one had to enter a closet and remove a rectangular wallboard secured by six screen door type hooks. Stated another way, to gain entrance from the furnace room the wallboard would have to be pushed into the Williams' closet thereby pulling the eye hooks from the wall. To gain entrance into the furnace room from defendant's apartment, one entered through a door which was secured from the inside of defendant's apartment. In other words, if one was in the furnace room and he wished to enter defendant's apartment he could not do so unless defendant had left the door unlocked from the apartment side.

When Mr. Williams investigated he found that the rectangular wallboard inside his closet which had been secured with six eyelet hooks was only secured by two—one on each side in the center of the wallboard. Also on the inside of his closet he found powdery white chalk. Upon investigation by the police, they, too, found the chalky substance and by virtue of the chalk they found footsteps that went northwardly from the rectangular wallboard, sealing off the Williams' apartment from the furnace room to the defendant's unlocked entrance door into the furnace room.

Granted the evidence as to the burglary was circumstantial, but this court has held that circumstantial evidence is sufficient to support a conviction for burglary and stealing, State v. Durham, 367 S.W.2d 619 (Mo.1963) and State v. Smith, 357 S.W.2d 120 (Mo.1962). The test to be applied when testing the sufficiency of the evidence is whether or not such evidence is consistent with defendant's guilt and inconsistent with any reasonable hypothesis of his innocence. In this respect, the evidence and the reasonable inferences to be deduced therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary to be ignored, State v. Vineyard, 497 S.W.2d 821 (Mo.App.1973) and State v. Colthorp, 437 S.W.2d 75 (Mo.1969). If after this examination, it is reasonably determined that the jury could have found the defendant guilty then our conclusion must be that the verdict was supported by substantial

evidence, State v. Taylor, 445 S.W.2d 282 (Mo.1969).

■ Applying the above criteria, we find the jury could have reasonably found from the Williams' testimony that they locked and secured their home when they left the morning of February 28, 1972. Upon returning, both discovered items missing from their apartment, including three Traveler's checks belonging to Mr. Williams and his wife's white gold wedding ring set. Upon immediate investigation by Mr. Williams, it was disclosed that the panel leading from his closet into the furnace room had been tampered with. A further investigation indicated that there was no forced entry into either Mr. Williams' apartment or defendant's from the outside.

A police officer testified that he found footprints leading from the wall panel in the Williams' apartment to the defendant's apartment and that the entrance door to defendant's apartment from the furnace room was open. A juvenile, who knew defendant, testified without contradiction, that defendant gave him the three Traveler's checks to cash at various banks; that he saw defendant sign the name "Eugene Williams" to the checks before turning them over to him and that he received money from defendant to cash the checks. These three checks were positively identified by Mr. Williams by a serial number list retained by him.

From the above evidence criminal agency was shown because there can be no doubt that an unlawful entry was made into the Williams' apartment and his gun and Traveler's checks were taken without his permission, State v. Papin, 386 S.W.2d 355 (Mo.1965); § 560.045, RSMo 1969, V.A.M.S. and § 560.156, RSMo 1969, V.A.M.S. Besides, the juvenile's testimony established that defendant's possession of the Traveler's checks was exclusive. Moreover, defendant's possession of the stolen checks remained unexplained throughout the trial. The evidence disclosed that defendant's ex-clusive and unexplained possession of the Traveler's checks, eight to ten weeks after their theft, was sufficient to establish his criminal agency in the crimes charged, State v. Lewis, 482 S.W.2d 432 (Mo.1972); State v. Clark, 438 S.W.2d 277 (Mo.1969) and State v. Miller, 360 S.W.2d 633 (Mo. 1962). We reject defendant's claim that his possession of the checks was too remote. The question whether defendant's possession was too remote must be determined in light of other evidence implicating him and the fact that his possession was, indeed, exclusive and unexplained. Accordingly, the claim as to the insufficiency of the evidence to support the charge is denied.

■ Defendant's objection to Donald E. Williams testifying is without merit. The basis for defendant's objection is bottomed upon the endorsement of "Eugene Williams," not "Donald Eugene Williams" as on the information. So, defendant contends that this failure to endorse "Donald Eugene Williams," by that specific name and to use that specific name as the owner of the property in the information, precluded Donald E. Williams from testifying, Rule 24.17, V.A.M.R. At the outset we observe that Eugene Williams and Donald E. Williams, who testified, are, indeed, one and the same person. The fact that the endorsement on the information dropped Mr. Williams' first name, Donald, and referred to him simply as Eugene Williams does not establish the claim that the witness was unendorsed. Likewise, we note that the endorsement of the information described "Eugene Williams" as a resident of 719 Huber Street, Festus, Missouri. On trial Mr. Donald Eugene Williams stated that he had resided at a 719 Huber Street, Festus, Missouri, with his wife for fourteen or fifteen years. In our opinion, the fact that a witness may be endorsed imperfectly upon an information does not establish that the witness was not endorsed at all, State v. Bolden, 494 S.W.2d 61, 66 (Mo. 1973). More importantly, however, even if we were inclined to accept defendant's posi-

tion, which we are not, the simple allegation that an unendorsed witness was allowed to testify is not sufficient to warrant a finding of reversible error by the trial court. Defendant proved neither surprise as to the testimony nor prejudice by such testimony, State v. Goodpaster, 438 S.W.2d 256 (Mo.1969) and State v. Whitsett, 232 Mo. 511, 134 S.W. 555 (1911). The stated basis for error on this point urged by defendant is that the `court abused its discretion in permitting Donald E. Williams to testify because he was unendorsed. Since defendant has demonstrated no prejudice, we find no abuse of the court's discretion in allowing Donald Eugene Williams to testify, State v. Moore, 428 S.W.2d 563 (Mo.1968) and State v. Frost, 289 S.W. 895 (Mo.1926).

■ Because we do not wish to unduly length our opinion, we find no error by the trial court in the reception into evidence, a diagram of the floor plan of the two basement apartments. See State v. Smith, 357 S.W.2d 120 (Mo.1962); State v. Deiter, 446 S.W.2d 609 (Mo.1969) and State v. Anderson, 375 S.W.2d 116 (Mo.1964).

■ Finally, we hold that the court improperly permitted Deputy Irvin Ferguson to give expert opinion testimony as to the uniqueness of the diamond wedding rings. But, in our view, the error was harmless. First, because this was a court tried case and the same strictness as to the admission of evidence is not applied as in cases tried before a jury, United States Fidelity & Guaranty Co. v. Goodson, 227 Mo.App. 456, 54 S.W.2d 754 (1933) and Johnson v. Johnson, 240 S.W.2d 184 (Mo. App.1951). Since the rules of exclusion in the law of evidence as applied in a court of law are largely as a result of the jury system, the purpose of which is to keep from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question involved, when an action is to the court sitting without a jury, the rules of exclusion are less strictly enforced, Laumeier v. Gehner, 110 Mo. 122, 19 S.W. 82 (1892) and Nevil v. Wahl, 228 Mo.App. 49, 65 S.W.2d 123 (1933), the assumption being that the court will not be confused or misled by what is irrelevant and inclusive. See also 89 C.J.S. Trial § 589, pp. 373, 374. In the instant case the rings were germane on the issue of burglarious stealing, as was the gun and the alleged theft of the Seven Hundred Dollars ($700.00) in Traveler's checks. The finding of any one item would support the charge because the value of the items taken is immaterial, State v. Crow, 388 S.W. 2d 817 (Mo.1965), cert. den. 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668 and State v. Summers, 362 S.W.2d 537 (Mo.1962). From the court's pronouncement at the end of the trial, we can assume the court found defendant guilty of stealing all three items charged in the information. Yet, we know, even if we exclude all the testimony pertaining to the rings, that there was no real controversy or issue as to the gun or the Traveler's checks. Either or both would support the charge. Arguably defendant may contend that the severity of the punishment assessed for the stealing was based upon a consideration of all three items. A complete answer to this however is that for the burglary alone the court assessed five (5) years, which is the same sentence assessed for the stealing. Consequently, the error in the admission of opinion evidence and the other testimony surrounding the rings is harmless error. Therefore, we reject defendant's claim in this regard.

Judgment affirmed.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.