700 P.2d 104

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael MATTHEWS, Defendant-Appellant.**

**No. 15054**

Court of Appeals of Idaho.

April 30, 1985.

Laird B. Stone, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Solicitor Gen. and Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a judgment of conviction for first degree burglary and petit theft. We affirm.

A jury found that Michael Matthews entered a grocery store at night with intent to commit theft and that he did, in fact, commit a petit theft of merchandise. For the burglary Matthews received an indeterminate sentence of ten years. For the petit theft he received a jail sentence equal to his prejudgment incarceration. On appeal Matthews has raised a host of issues. His principal contentions are that the district court erred by (1) admitting into evidence merchandise other than the items taken from the grocery store; (2) refusing to suppress evidence concerning the identification of Matthews shortly after his arrest; (3) allowing the prosecutor to present rebuttal evidence not disclosed in pretrial discovery; (4) failing to strike certain information from the presentence investigation report; and (5) imposing an excessive sentence for the burglary. We will examine these contentions in turn.

The state's evidence showed that on the night in question Matthews entered an Albertson's store in Boise. An assistant store manager observed that Matthews was wearing "large baggy clothing." Their suspicions aroused, the assistant manager and another employee decided to "keep an eye on" him. They saw Matthews walk away from the meat counter carrying two packages of meat but when they saw him again elsewhere in the store

moments later, the meat packages were no longer visible. The assistant manager asked Matthews whether he had taken meat packages from the counter and he replied that he had not. As Matthews approached the store exit, the assistant manager shouted, "Just a minute!" Matthews ran outside. The assistant manager sent two other employees after Matthews and called the police, furnishing a description of the fleeing suspect.

The two employees saw Matthews enter a car and hand packages of meat to a passenger. The employees attempted to detain Matthews but, after a confrontation lasting several minutes, Matthews drove away. Police officers, responding to a radio dispatch, stopped the car and saw packages of meat in plain view. An officer returned Matthews to the store, where the employees identified him. A subsequent search of the car, pursuant to a warrant, revealed more packages of fresh meat from other stores. The packages were unaccompanied by any sales receipts.

## I

Before trial Matthews filed a motion in limine, seeking to exclude from evidence any meat packages not bearing Albertson's labels. Matthews contended—and he continues to urge on appeal—that such packages were inadmissible because they tended to show offenses other than the burglary and petit theft charged. The district judge denied Matthews' motion.

Idaho courts have long recognized that evidence of other crimes is inadmissible merely to show an accused's criminal propensity. *State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979). However, evidence of extrinsic crimes may be admitted to prove the offense(s) charged with respect to (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, or (6) other similar issues. *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978); *State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (Ct. App.1982). If such issues are material to the case, and if the evidence is relevant to one or more of the issues, the evidence will be admitted unless its probative value is outweighed by its unfair prejudicial impact. *See generally* Nevin, *Other Crimes as Proof of Guilt,* THE ADVOCATE vol. 26, no. 10 (Nov.1983), p. 20. This balancing of probative value against unfair prejudice is committed in the first instance to the sound discretion of the trial court. *State v. Stoddard,* 105 Idaho 533, 670 P.2d 1318 (Ct. App.1983).

■ Here, the issues of intent and common scheme or plan are interrelated. Both are material to the case. Burglary is a specific intent crime. It requires entry into a building with the intent, at that time, to commit theft or a felony. I.C. § 18-1401.[1] The existence of such intent was substantially at issue during Matthews' trial. The meat packages without sales receipts were competent evidence that Matthews had taken meat from other stores without paying for it. The evidence supported an inference that Matthews was engaged in a continuing series of meat thefts and that he entered the Albertson's store with an intent to steal. Therefore, we hold that the evidence was relevant to a material issue in this case.

■ We further hold that the district judge did not abuse his discretion by refusing to exclude the otherwise admissible evidence upon a weighing of its probative value against any unfair prejudice. The

---

**1.** Idaho's burglary statute is remarkably broad. Our Supreme Court has held that one who enters a store during business hours, with intent to steal or to commit a felony, is deemed to have made an uninvited entry and has committed burglary under I.C. § 18-1401. *State v. Bull,* 47 Idaho 336, 276 P. 528 (1929). The statutes of many other states define more restrictively the types of entry constituting burglary. *See* Annot., 93 A.L.R.2d 531 (1964). Idaho's short-lived Model Penal and Correctional Code also would have defined burglary more narrowly. *See* Stone and Hall, *The Model Penal Code in Idaho?* 8 IDAHO L.REV. 219, 246 (1972).

probative value was clear. The prejudicial impact was due, in large measure, to the probative value. This type of prejudice is not unfair. As we noted in *State v. Fenley*, 103 Idaho 199, 203, 646 P.2d 441, 445 (1982), "Probative evidence is always prejudicial to someone. Unless the prejudice is unfair, it affords no basis to exclude the evidence." We do not find any residual, unfair prejudice sufficient to warrant overturning the district judge's decision to admit the meat packages in evidence.

## II

We next consider Matthews' argument that the judge should have suppressed evidence showing that Albertson's employees identified him shortly after he was apprehended by the police. The identification occurred while Matthews sat handcuffed in a police car. Matthews asserts that he was placed in a highly suggestive "show-up" which violated his due process right to a fair and impartial lineup. *See generally Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

The issue of undue suggestiveness has been addressed by the United States Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). These decisions articulate criteria for determining whether there is a substantial likelihood of misidentification. Idaho has adopted these criteria. *State v. Hoisington*, 104 Idaho 153, 161, 657 P.2d 17, 25 (1983); *State v. Crawford*, 99 Idaho 87, 103, 577 P.2d 1135, 1151 (1978). The criteria, set forth below, recognize that a "show up" necessarily is suggestive to some extent; however, the mere fact that identification occurs during a "show up" rather than during a lineup does not, without more, establish a due process violation. The question is one of reliable identification. A court must determine "whether under 'the totality of circumstances' the identification was reliable even though the [identification] procedure was suggestive." *Neil v. Biggers*, 409 U.S. at 199, 93 S.Ct. at 382. The criteria are:

(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the identification and (5) the length of time between the crime and the identification. *Manson v. Brathwaite*, 432 U.S. at 114, 97 S.Ct. at 2253; *Neil v. Biggers*, 409 U.S. at 199, 93 S.Ct. at 382. If there are "aspects of reliability" evident from an evaluation of those factors which are sufficient to outweigh "the corrupting effect of the suggestive identification," then the admission of identification testimony or evidence will not violate due process. *Manson v. Brathwaite*, 432 U.S. at 106, 114, 97 S.Ct. at 2249, 2253.

*State v. Hoisington*, 104 Idaho at 162, 657 P.2d at 26.

Taking these criteria in turn, we note, first, that the store employees had a good opportunity to view Matthews during the burglary and petit theft. The assistant manager and a clerk watched him as he made his way around the store. The store employees who attempted to prevent his departure spent several minutes in close contact with him. Second, the employees observed him with a high degree of attention. Third, the assistant manager gave the police an accurate description, enabling the dispatched officers to stop Matthews moments after he drove away from the store. Fourth, all the witnesses identified Matthews without hesitation at the ensuing "show up." Finally, the length of time between the criminal conduct and the identification was brief. The events undoubtedly were fresh in the witnesses' minds. Therefore, we hold that the identification, while made during a suggestive "show up," was reliable in view of the totality of circumstances. We uphold the admission of the identification evidence.

## III

The next issue is whether the trial court erred in allowing the state to present evidence in rebuttal that had not previously

been disclosed in pretrial discovery. Matthews did not testify at trial but two other persons, including the passenger in the car, were called by the defense. They testified that Matthews had not driven the car before the night in question. They stated that he drove it that night only because the passenger had been unable to start it and had telephoned Matthews for help. In rebuttal a police officer testified over objection that he visually compared the car's ignition key with another key found in Matthews' possession and found them to be identical.

■ Matthews asserts that a comparison of the two keys should have been disclosed upon request under I.C.R. Rule 16(b)(5). The rule, in pertinent part, requires disclosure of "results or reports of ... scientific tests or experiments, made in connection with the particular case, or copies thereof...." We believe the rule is inapposite here. There was no scientific test or experiment. There was merely an observation of similarity between two keys. Matthews does not contend that he was unaware of the keys in the police department's possession.

■ Beyond Rule 16 the state also has a constitutional duty to disclose any exculpatory evidence material to the preparation of the accused person's defense. *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982). But the evidence here was not exculpatory. There is no constitutional duty for the state to disclose potentially inculpatory testimony of a rebuttal witness. *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (Ct.App.1984). We hold that the testimony was properly allowed.

## IV

Turning to the sentencing phase of the proceedings below, Matthews asserts that the presentence investigation report contained information beyond the scope of I.C.R. 32. This rule establishes standards governing information to be included in presentence reports. It requires a report to contain information concerning the crime(s), together with the defendant's pri-

or criminal record, education background, health, employment situation and financial status. The rule, at subsection (e), further provides:

(1) Content. The presentence report may include information of a hearsay nature where the presentence investigator believes that the information is reliable, and the court may consider such information. In the trial judge's discretion, the judge may consider material contained in the presentence report which would have been inadmissible under the rules of evidence applicable at a trial. However, while not all information in a presentence report need be in the form of sworn testimony and be admissible in trial, conjecture and speculation should not be included in the presentence report.

(2) Previous charges against defendant. It is permissible for the sentencing judge to consider information in a presentence report regarding a previous charge against the defendant which [has] been dismissed after a successful probation period.

■ In this case Matthews contends that the court should have stricken from the report an allegation that the defendant was involved in drug dealings, police reports of unrelated charges which had been dismissed, and a hearsay statement by the spouse of a former employer concerning Matthews' work habits. Dismissed charges have been held includible in presentence investigation reports. *State v. Ott*, 102 Idaho 169, 627 P.2d 798 (1981). Although this holding arguably goes beyond a strict reading of I.C.R. 32(e)(2), the rule is one promulgated by our Supreme Court and the Court is at liberty, within the constitutional constraints of due process, to declare what information the rule allows. No constitutional issue is before us here.

■ We have deeper reservations about the allegation of drug dealings and about the hearsay statement on work habits from a source whose reliability apparently was not determined. However, if any error oc-

curred in failing to strike this information, the record makes it clear that such error did not affect the sentences imposed. The judge stated during the sentencing hearing that the information appeared to merit little weight. Later, the judge stated his reasons for the sentences chosen. Those reasons were wholly unrelated to any of the information now challenged by Matthews. We conclude that no reversible error has been shown in the presentence report.

## V

Finally, we turn to the indeterminate ten-year sentence imposed for first degree burglary. Our standards of review are well known and need not be reiterated in this opinion. The district judge found—and the record supports his finding—that Matthews was a "professional-type thief" with a long record of convictions. The record also discloses that Matthews was on probation when the instant burglary occurred. Having examined the full record, and having considered the criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude the district court did not abuse its sentencing discretion.

We have considered other issues raised by Matthews and find them to lack merit. The judgment of conviction, including the burglary sentence, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.