741 P.2d 370

Michael **MATTHEWS**, Petitioner-Appellant,

v.

**STATE of Idaho**, Respondent.

No. 16625.

Court of Appeals of Idaho.

July 30, 1987.

Allen Trimming, Ada Co. Public Defender by George M. Parham, Deputy Public Defender, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen. by David R. Minert (argued), Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

This is an appeal from an order of the district court summarily dismissing an application for post-conviction relief. We are presented with three issues: (1) Do convictions for petit theft and for burglary (with intent to commit petit theft) violate the prohibition against double jeopardy? (2) Is Idaho's burglary statute unduly harsh as applied to shoplifters? (3) Did the trial court wrongfully deprive the appellant of credit for pretrial incarceration on his burglary sentence? For reasons explained below, we affirm the district court's order.

Michael Matthews was convicted by an Ada County jury of first degree burglary and of petit theft for entering a supermarket during nighttime business hours and stealing two packages of meat. The evidence disclosed that Matthews had engaged in an apparent scheme of stealing meat from numerous grocery stores. For the burglary Matthews received an indeterminate sentence of ten years. For the petit theft he received a jail sentence equal to

258 days of prejudgment incarceration. The sentences were characterized as consecutive; in practical effect, the petit theft sentence was deemed served upon judgment and Matthews was remanded to the Board of Correction for the burglary sentence. Matthews appealed. The judgment, including the burglary sentence, was affirmed. *State v. Matthews*, 108 Idaho 482, 700 P.2d 104 (Ct.App.1985) (hereinafter termed *Matthews I* ). Subsequently, Matthews filed a *pro se* application for post-conviction relief. The state answered the application and moved for summary dismissal pursuant to I.C. § 19–4906(b). Because Matthews' arguments were based on uncontroverted facts, the district judge decided the legal issues without an evidentiary hearing. The judge concluded that Matthews' claims were without merit and he dismissed the application. This appeal followed.

Where an application for post-conviction relief raises only questions of law, it is suitable for disposition on the pleadings. *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971). On appeal, our task is to determine whether the district court correctly applied the law to the undisputed facts. Over this question we exercise free review.

However, in this case, the state argues that we should not conduct any review at all because the issues framed by Matthews' application could have been raised in his direct appeal and, therefore, are now barred. This argument implicitly urges us to apply res judicata in the broad form of "claim preclusion" to post-conviction proceedings. The argument also parallels the thrust of a 1986 amendment to I.C. § 19–4901(b). As amended, the statute now provides that an issue is "forfeited" if not raised on direct appeal, unless it creates a "substantial doubt" concerning the applicant's guilt and "could not, in the exercise of due diligence, have been presented earlier." Time will tell whether these efforts to narrow the scope of issues raised under the post-conviction relief statute will prove effective or, if effective, will increase pressure on state and federal courts to entertain allegations of fundamental error

in habeas corpus proceedings. But for the purpose of this case, it suffices to say that the statute was amended after Matthews' direct appeal was decided. Moreover, the res judicata issue was not raised below during the post-conviction proceedings. Consequently, the district court passed upon the merits of Matthews' application, and we will review the court's decision.

Matthews first challenges the separate convictions for burglary and petit theft. He argues that because these crimes arise out of the same event, multiple convictions are inconsistent with the double jeopardy provisions of the Fifth Amendment, as applied to the states through the Fourteenth Amendment, and with the double punishment provisions of I.C. § 18–301. The argument is unavailing.

With respect to constitutional double jeopardy we follow the rule expressed in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." The *Blockburger* test focuses on the statutory elements of the offense. If each offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied. *Ianelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975).

In the present case, the *Blockburger* test is satisfied because the statutory elements of burglary in the first degree and petit theft are different and require proof of different facts. *Cf. Daugherty v. State*, 102 Idaho 782, 640 P.2d 1183 (Ct.App.1982) (burglary and grand theft). Burglary is completed upon entry into a building with the intent to commit theft. I.C. § 18–1401. The theft or felony need not actually be committed. *State v. McCormick*, 100 Idaho 111, 594 P.2d 149 (1979). Petit theft, on the other hand, does not require entry into any building, but is committed by taking another's property with the intent to de-

prive him of it. I.C. §§ 18–2403, –2407(2). Each crime requires proof of separate essential elements not required by the other. Therefore, Matthews' separate convictions do not violate the constitutional protections against double jeopardy.

■Neither do the convictions violate the provisions of I.C. § 18–301. The statute provides as follows:

An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

The Idaho Supreme Court has held that this language, focusing on "acts," encompasses and enlarges the scope of constitutional protection against double jeopardy. *State v. Sterley*, 112 Idaho 1097, 739 P.2d 396 (1987); *State v. Werneth*, 101 Idaho 241, 611 P.2d 1026 (1980), *cert. denied*, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 118 (1981). In *Daugherty v. State, supra*, we held that a defendant engages in distinguishable acts by committing burglary and grand theft, even though the intent to commit theft also represents the intent necessary for application of the burglary statute. In so holding we deemed ourselves constrained to follow the lead of our Supreme Court in *State v. McCormick, supra*, adopting the view that one general transaction or event may be treated as two or more separate "acts." This reasoning is equally applicable to convictions for burglary and a related petit theft. *Cf. State v. Arnold*, 115 Ariz. 421, 565 P.2d 1282 (1977) (upholding separate convictions for burglary with intent to commit theft and petit theft). Although differing views may be found in some other jurisdictions, we conclude, under the controlling Idaho authority, that the judgments and sentences for burglary and petit theft in this case do not represent double punishment.

We next discuss Matthews' challenge to the breadth of I.C. § 18–1401, the burglary statute. The statute provides that "[e]very person who enters any ... building ... with intent to commit any theft or any felony is guilty of burglary." Matthews contends that the statute is unduly harsh in its application to him because it authorizes felony convictions for entering commercial establishments during business hours with the intent to shoplift.

■ We agree that the ambit of the statute is remarkably broad. We so noted in *Matthews I*. The statute does away with the common law requirement of a "breaking." At common law, burglary involved a forced breach of the security of the place entered. This was the "breaking" element. Thus, in common parlance, burglary came to be known as "breaking and entering." *See generally* 2 W.R. LAFAVE AND A.W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW, § 8.13(a) (1986).

■ The Idaho statute omits this requirement; indeed, it does not even require a trespass. The statute establishes an offense based largely upon a state of mind— the intent to commit a crime upon entry. Thus, it gives prosecutors the power, in essence, to charge shoplifting as a felony if the defendant conceived of the crime before entering the premises. Many states do not make it a crime to enter places open to the public. *See, e.g.*, Fla.Stat. § 810.-02(1) (1985); N.J.Stat.Ann. § 2C:18–2 (1983). It has been argued that persons in Idaho should not be convicted of a felony for entering a public place with bad thoughts. However, our Supreme Court long ago concluded that I.C. § 18–1401 encompasses just such situations. *See State v. Bull*, 47 Idaho 336, 276 P. 528 (1929).

On the other hand, it may be argued that the sweeping statute is useful as a means of dealing effectively with a series of shoplifting incidents, such as those which evidently occurred in the instant case. In any event, it is the role of the Legislature to define crimes and to establish penalties. The Legislature apparently intended our burglary statute to have wide application. Absent any constitutional infirmity, which Matthews has not alleged, our duty is to enforce the statute as it exists. If reform is needed, the task must be left to the

Legislature. Accordingly, we cannot sustain Matthews' challenge to the burglary statute.

Matthews' last contention is that the trial court erred in granting him credit for time served in the county jail prior to conviction solely on the petit theft sentence and not also on the burglary sentence. *See* I.C. § 18-309. The argument is, in our view, simply a veiled attack on the consecutiveness of the sentences.

■ Had the sentences been concurrent, Matthews' point would have been well taken. *See Daniels v. State*, 491 So.2d 543 (Fla.1986). However, the sentences were imposed, as we have explained, for what are treated in Idaho as separate "acts." The district judge was within his discretion in making the sentences consecutive. Certainly, the Legislature, in enacting I.C. § 18-309, did not intend that a defendant be given credit more than once for time spent in the county jail awaiting disposition of multiple and separate charges. *State v. Hoch*, 102 Idaho 351, 630 P.2d 143 (1981). To apply credit for time served to both of Matthews' consecutive sentences would actually afford him double credit for his prejudgment incarceration. We conclude that the trial court properly credited Matthews for time served on only one sentence.

Accordingly, the order of the district court, dismissing the application for post-conviction relief, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.