771 P.2d 919

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Demetra PALACIOS, Defendant–Appellant.**

No. 17393.

Court of Appeals of Idaho.

April 7, 1989.

Mark F. Stewart, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. It comes to us on appeal from judgments of conviction for second degree burglary and petit theft. The burglary judgment imposed a three-year prison sentence with a one-year minimum period of confinement. The petit theft judgment imposed a concurrent jail sentence of one year. On both sentences the district court allowed a credit of 242 days for prejudgment incarceration. The only issue on appeal is whether the sen-

tences are excessive. We affirm the judgments imposing the sentences.

Demetra Palacios entered a supermarket, put several packages of meat into an empty purse and bag, and left the store without paying. She was immediately apprehended by a store employee. The meat was valued at approximately $42. Because Palacios had a history of shoplifting offenses, the prosecutor decided to treat this case as a felony. He sought and obtained a second degree burglary conviction, in addition to the petit theft conviction, on the theory that Palacios had entered the supermarket with intent to commit the theft. Hence, the two charges and convictions. *See Matthews v. State*, 113 Idaho 83, 741 P.2d 370 (Ct.App.1987) (commenting on the use of Idaho's burglary statute in this fashion).

A presentence investigation was conducted. Although the presentence report has not been made part of the record, it was discussed at a sentencing hearing for which we have a transcript. The district court noted Palacios' lengthy record of shoplifting and other crimes. In the judge's words, she had been "in and out of the criminal justice system since 1976 [and] in and out of the penitentiary setting since 1981.... [She committed] these offenses while on parole...." The judge noted that when she was sentenced on one of her many prior convictions, Palacios had made a commitment to rehabilitation. The judge observed that no rehabilitation had occurred. On the other hand, the judge considered the small value of the stolen goods in this case, and the fact that Palacios was not a violent offender. Ultimately, he determined that for the protection of society, Palacios should be returned to prison for at least a year (subject to the credit for time served). He recommended that as a condition of eventual parole, Palacios be required to give notice, upon entering any retail store, that she is an habitual shoplifter.

Palacios argues only against the length of the burglary sentence. She does not specifically argue against the concurrent jail sentence. Neither does she argue against the judge's recommended parole condition, on which we express no opinion. The sentences do not exceed the maximum penalties allowed by statute. *See* I.C. §§ 18–1403 (five years for second degree burglary) and 18–2408(3) (one year for petit theft). Having reviewed the sentences imposed in light of the sentencing criteria discussed in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we find no abuse of the judge's discretion. Accordingly, we affirm the judgments imposing the sentences.