791 P.2d 33

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Benjamin Alan BEST a/k/a Chris A. Jackson, Defendant–Appellant.**

**No. 17645.**

Court of Appeals of Idaho.

April 30, 1990.

Tway & Rosenheim, Boise for appellant. William J. Tway argued.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for respondent. Michael A. Henderson argued.

SWANSTROM, Judge.

Benjamin Best appeals from a judgment of conviction for first degree burglary and grand theft. He challenges the denial of his motion to suppress an eyewitness' testimony and the denial of his motion for a new trial. For reasons which follow, we affirm.

On Sunday, September 13, 1987, around 9:30 p.m., an elementary school teacher heard strange noises while she was working in her classroom. The teacher, thinking the noise was caused by the school librarian, stepped into the hallway where she observed two men carrying computer equipment. The teacher testified that the first man had mid-length wavy blond hair, a broad face, with an average build, and was wearing street clothes. The second man had dark hair, a broad face, and was wearing camouflage fatigues. The teacher testified to viewing the second man for fifteen to twenty seconds from as close as two to three feet. The hallway was well-lit. The two men fled the school after dropping the computer equipment by the door.

At 10:02 p.m., a Boise police officer received a call describing the incident as a burglary. At approximately 10:10 p.m. the officer observed two men fitting the description of the alleged burglars walking through an apartment parking lot two blocks from the school. The two men ran when they saw the police car. A bystander told the officer that a man wearing camouflage had run into an apartment. The officer knocked on the apartment door and spoke with a teenager and his mother. With the mother's permission, the officer searched the apartment and discovered Best in a closet. Best was wearing camouflage fatigues and a camouflage shirt was lying at his feet inside the closet. The officer took Best into custody and placed him in the back seat of the police car.

The teacher was brought to the parking lot, in her estimate, fifteen to twenty minutes after seeing the two burglars in the school. The teacher identified Best at a distance of four to five feet as he sat in the back seat of the police car. The parking lot was well lit and Best was illuminated by a police spotlight. The police asked the teacher if she could identify the teenager who lived in the apartment as the other burglar she observed in the school. The teacher said he was not. Eleven days later, the teacher again identified Best in court during the preliminary hearing.

Two days before the preliminary hearing, Best's counsel requested a lineup to test the teacher's identification. An Ada County deputy prosecuting attorney agreed to the request. However, the next day when Best's counsel arrived to view the lineup procedure, a different deputy prosecutor

told Best's counsel a lineup would not be held due to lack of adequate personnel. Best renewed the lineup request at the preliminary hearing. The magistrate denied the request, essentially holding that if the state desired to proceed without affording a lineup the state could do so, risking suppression of the identification evidence should a court later hold that the state's procedures were faulty.

■ The first issue Best raises is whether the district court abused its discretion by denying Best's motion to suppress the teacher's identification testimony. Best contends that showups are inherently suspect, thus mandating suppression of the teacher's identification. Evidence obtained by an out-of-court identification must be suppressed when, under the totality of the circumstances, "the identification procedure was so impermissibly suggestive" that it gave "rise to a very substantial likelihood of misidentification. *State v. Kysar*, 116 Idaho 992, 994–94, 783 P.2d 859, 861–62 (1989); *State v. Edwards*, 109 Idaho 501, 708 P.2d 906 (Ct.App.1985). *See also Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). To determine the admissibility of the identification testimony, reliability is the foundation upon which the testimony is weighed. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Five factors must be considered to determine the reliability of the identification: (1) the opportunity for the witness to view the criminal at the time of the crime; (2) the degree of the witness' attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated at the identification; and (5) the time span between the crime and the identification. *Kysar, supra; Manson, supra; State v. Hoisington*, 104 Idaho 153, 657 P.2d 17 (1983). Best contends that the "showup" identification was unreliable because he was identi-

fied while handcuffed and sitting alone in the back seat of the police car. Best also argues that the second identification at the preliminary hearing was unduly suggestive because Best was identified by the teacher while handcuffed and wearing orange coveralls. As noted earlier, these were the only pre-trial identification procedures afforded Best.

■ If sufficient aspects of reliability are evident from an evaluation of the factors listed above, the admission of the identification testimony will not violate due process. *Manson, supra; State v. Matthews*, 108 Idaho 482, 700 P.2d 104 (Ct.App. 1985) (showup identification was reliable and admissible). Taking these factors in turn, we note, first, the teacher had good opportunity to view Best in the school hallway. Best and the teacher looked at each other from a few feet distant for ten to fifteen seconds. Second, the teacher observed Best with a high degree of attention. Third, the teacher gave an accurate description of Best enabling the police officer to recognize the two suspects minutes later in a nearby parking lot. Fourth, the teacher identified Best without hesitation at the "showup" when Best was sitting in the back of the police car. Furthermore, the teacher quickly eliminated suspicion from the teenager when asked if he too was present in the school. Lastly, the teacher identified Best as one of the burglars twenty to thirty minutes after viewing him in the school. The crime was fresh in the teacher's mind at that time. Giving all factors appropriate consideration, we hold the identification made during the "showup" was reliable in view of the totality of the circumstances. Likewise, the preliminary hearing identification of Best by the teacher was reliable and did not violate Best's right to due process.[1]

1. In so holding, we do not suggest that the magistrate acted correctly in denying Best's request for a lineup. The magistrate evidently felt that a lineup is a matter of prosecutorial discretion. However, a court may order a lineup in appropriate circumstances, and it should do so on request where the reliability of a "showup" identification is genuinely in doubt. In this case we have concluded that reliability of the "showup" identification was well established. Moreover, we note that when the case went to trial in the district court, the jury received a cautionary instruction about "showups," to be considered in weighing the teacher's basis for identifying Best in the courtroom.

Best has raised a second issue, questioning the district court's denial of the motion for a new trial based on a claim of newly discovered evidence. Such a motion may be granted if the following factors are met:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*State v. Drapeau,* 97 Idaho 685, 691, 551 P.2d 972, 978, *quoting* 2 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 551 at 515 (1969). Either granting or denying a motion for a new trial is at the discretion of the district court. The district court's decision will not be disturbed on appeal unless that discretion has been abused. *State v. Ames,* 112 Idaho 144, 730 P.2d 1064 (Ct.App.1986).

Best's newly discovered evidence consisted of information contained in two affidavits and testimony at the hearing on the motion by one of the affiants. The new evidence indicated that another person may have been involved in the burglary for which Best had been convicted. Best asserts that if the testimony contained in these two affidavits had been available at trial, then he would have testified on his own behalf with the support of corroborative testimony. Since this evidence was not discovered until later, Best chose not to testify. Best asserts that with this new evidence and his own testimony an acquittal would probably have been produced and the court abused its discretion by not granting a new trial.

The district court denied Best's new trial motion after determining the newly discovered evidence was not material and was unlikely to produce an acquittal. The court reasoned that the new evidence might well have incriminated the other person as Best's partner in crime but did not disprove Best's participation in that crime. We agree. Accordingly, we uphold the district court's denial of Best's motion for a new trial.

The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.