JAMES SALEM v. NYAL FLOWERS

No. 753DC93

(Filed 2 July 1975)

**1. Trial § 57— nonjury trial — rules of evidence**

The ordinary rules as to the competency of evidence in a jury trial are to some extent relaxed in a trial before the court without a jury.

**2. Appeal and Error § 28— exceptions to admission of evidence — necessity for exceptions to findings**

In order to present for appellate review exceptions relating to admissions of evidence made by the court in a nonjury case, proper exceptions must be made to the findings of fact.

**3. Appeal and Error § 49— exclusion of evidence — harmless error**

In an action to recover the balance of the purchase price of a boat hull and motor, defendant was not prejudiced by the court's exclusion of defendant's testimony explaining his delay in discovering a defect in the motor where the court, on competent evidence, found that such a defect did not exist.

**4. Appeal and Error § 57— absence of exceptions to findings — appellate review**

The appeal itself is an exception to the judgment, but absent an exception to any of the court's findings of fact, review is limited to the question of whether the facts found support the conclusions of law and whether these support the judgment.

APPEAL by defendant from *Whedbee, Judge*. Judgment entered 5 December 1974 in District Court, CRAVEN County. Heard in the Court of Appeals 10 April 1975.

This is a civil action to recover $500.00 balance of purchase price of a boat hull and motor sold by plaintiff to defendant. The case was tried before the court sitting without a jury. At the conclusion of all of the evidence the court entered judgment

making findings of fact, stating its conclusions of law, and adjudging that plaintiff recover the sum of $500.00 with interest and costs.

*Robert G. Bowers for plaintiff appellee.*

*McCotter & Mayo by Hiram J. Mayo, Jr. for defendant appellant.*

PARKER, Judge.

[1, 2] Appellant noted ten assignments of error. In his brief he expressly waived argument in support of Assignment of Error No. 5, and that assignment is abandoned. Assignments of Error 1, 2, 3, 7 and 8 all relate to the court's rulings admitting evidence. These assignments of error are overruled. "In a trial before the judge, sitting without a jury, 'the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider that only which tends properly to prove the facts to be found.'" 1 Stansbury's N. C. Evidence (Brandis Revision) § 4a, p. 10. Moreover, in order to present for appellate review exceptions relating to admissions of evidence made by the court in a nonjury case, it is also necessary that proper exceptions be made to the findings of fact, *Merrell v. Jenkins*, 242 N.C. 636, 89 S.E. 2d 242 (1955) ; *Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351 (1950), and appellant here has failed to note a single exception to any of the court's findings of fact.

[3] Assignment of Error No. 6 relates to the court's action sustaining plaintiff's objection to defendant's testimony explaining the reasons for defendant's delay "in discovering the defect in the motor." Finding of Fact No. 8 in the judgment appealed from is as follows:

"8. That on the date that the defendant took possession of the engine, it was in good working order and complied with any express or implied warranty that the plaintiff may had [sic] made."

Defendant has not shown how he was prejudiced by the court's exclusion of evidence, the only purpose of which was to explain his delay in discovering a defect in the motor which the court, on competent evidence, found did not exist. This assignment of error is overruled.

---

---

Assignment of Error No. 4 is directed to the court's denial of defendant's motions for involuntary dismissal made at the close of plaintiff's evidence and renewed at the close of all of the evidence. Because of appellant's failure to note exception to any of the court's findings of fact, appellant's assignment of error presents nothing for our review. *Burnsville v. Boone, supra.*

[4] The appeal is itself an exception to the judgment, 1 Strong, N. C. Index 2d, Appeal and Error, § 26, but absent an exception to any of the court's findings of fact, our review is limited to the question of whether the facts found support the conclusions of law and whether these support the judgment. Here, the court's findings of fact fully support the conclusions of law and these support the judgment rendered. We find no error in appellant's remaining assignments of error.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.