CLAUDE WHITAKER v. HERBERT R. EARNHARDT

No. 7519DC160

(Filed 6 August 1975)

1. Appeal and Error § 26— failure to except to findings

In the absence of proper exceptions to the findings of fact, exceptions to the admission of evidence and the rulings of the judge in denying defendant's motions to dismiss are ineffectual, and an appeal presents for review only the question whether the findings of fact support the conclusions of law and the entry of the judgment.

Whitaker v. Earnhardt

2. Animals § 3— escape by cattle — damage to crops
    The trial court's findings supported its conclusions that defendant was negligent in allowing his cattle to escape and damage plaintiff's soybean crop and that plaintiff was damaged in the sum of $420 by defendant's negligence.

    Judge HEDRICK dissenting.

APPEAL by defendant from *Grant, Judge*. Judgment entered 23 January 1975 in District Court, ROWAN County. Heard in the Court of Appeals 6 May 1975.

Plaintiff brought this action alleging damages to his soybean crop by defendant's cattle, which were negligently allowed to escape from defendant's pasture. The case was tried before the judge without a jury. The trial judge made findings of fact and entered judgment that plaintiff recover the sum of $420.00 and court costs. Defendant appealed.

*No appearance by plaintiff.*

*Robert M. Davis, for defendant.*

BROCK, Chief Judge.

Under our Rules of Civil Procedure, G.S. 1A-1, Rule 38, the parties to a civil action may waive trial by jury. In all actions tried upon the facts without a jury, the trial judge shall find the facts specially and state separately his conclusions of law thereon, and direct the entry of an appropriate judgment. G.S. 1A-1, Rule 52. The trial judge's findings of fact have the force and effect of a verdict by a jury upon the issues involved. N. C. Const. art. IV, § 14. The findings of fact by the trial judge are conclusive on appeal if there be evidence to support them. *Burnsville v. Boone*, 231 N.C. 577, 58 S.E. 2d 351.

[1] Defendant has not taken exception to any finding of fact made by the trial judge. In the absence of proper exceptions to the findings of fact by the trial judge, the appeal presents for review only the question whether the findings of fact support the conclusions of law and the entry of the judgment. 1 Strong, N. C. Index 2d *Appeal and Error* § 26 (1967). In the absence of proper exceptions to the findings of fact, exceptions to the admission of evidence, as well as exceptions to rulings of the judge in denying defendant's motions to dismiss, are ineffectual.

*Burnsville v. Boone, supra; Salem v. Flowers,* 26 N.C. App. 504, 216 S.E. 2d 392.

[2] : The fundamental findings of negligence on the part of defendant and damages to plaintiff's crop, to which defendant took no exception, are as follows:

> "7. That the fence on the defendant's land was in a poor state of repair and could not stop cattle from crossing the fence and roaming at large.
>
> "8. That the plaintiff told the defendant on numerous occasions that the fence was in poor condition and incapable of containing cattle.
>
> "9. That the defendant did not repair or improve the condition of the fence.
>
> "10. That sometime during the month of August, 1973, the defendant's cattle crossed through the fence on the defendant's land and roamed onto the plaintiff's leasehold.
>
> "11. That while the defendant's cattle were roaming on the plaintiff's leasehold, the said cattle destroyed and rendered unfit for harvest two acres of soybeans."

\* \* \*

> "16. That the monetary loss to the plaintiff as a result of the damage to the two acres of soybeans was $420.00."

In our opinion the foregoing unchallenged findings of fact support the trial court's conclusions that defendant was negligent and that plaintiff had been damaged in the sum of $420.00 as a result of defendant's negligence, and support the entry of judgment appealed from.

Affirmed.

Judge MORRIS concurs.

Judge HEDRICK dissenting.

With respect to the damage to plaintiff's soybean crop, the trial judge made the following pertinent findings:

> "10. That sometime during the month of August, 1973, the defendant's cattle crossed through the fence on

the defendant's land and roamed onto the plaintiff's leasehold.

11. That while the defendant's cattle were roaming on the plaintiff's leasehold, the said cattle destroyed and rendered unfit for harvest two acres of soybeans.

12. That the plaintiff harvested his soybean crop in November, 1973, and the thirteen remaining acres yielded forty bushels per acre.

13. That as a result of the damage caused by the defendant's cattle, the plaintiff was unable to harvest two acres of soybeans.

14. That the plaintiff's harvest was eighty bushels less than it would have been if the defendant's cattle had not destroyed two acres of soybeans.

15. That on the day the plaintiff harvested his soybeans in November, 1973, the local market price was $5.25 per bushel."

Based on the foregoing findings the trial judge concluded that as a result of defendant's negligence the plaintiff had suffered damage to his soybean crop in the amount of $420.00.

It is often stated that "the measure of damages for destruction of crops is the value of the crop at the time and place of destruction, and . . . the measure for crops injured but not totally destroyed is the diminution in the value of the crop at the time and place of injury." Dobbs, Law of Remedies, § 5.2, p. 325 (1973). However, because growing crops often do not have a market value in the field, the generally accepted method of arriving at the value of the crop at the time of its destruction is "(1) to estimate the probable yield had the crop not been destroyed; (2) calculate the value of that yield in the market; and (3) deduct the value and amount of labor and expense which subsequently to, and but for, the destruction would have been required to mature, care for, and market the crop." 21 Am. Jur. 2d, Crops, § 76, p. 663 (1965) (footnotes omitted). See also, Dobbs, Law of Remedies, supra.

"It is obvious that the true value of a crop must be arrived at from a consideration of numerous facts and factors, among which are the kind of crops which the land will ordinarily yield, the probable yield or value under proper culti-

vation, the average yield per acre of similar land in the neighborhood cultivated in the same way, and the 'stage of advancement at which the crop was when injured or destroyed. There must be considered and subtracted from the amount recoverable the expenses which would have been incurred after the injury in producing the crop, such as for cultivating, gathering, threshing, or harvesting the crop. Also to be considered, in this same connection, are expenses in marketing it, including expenses in fitting or preparing it for market, and transporting it to market." 25 C.J.S., Damages, § 85, pp. 936-938 (1966) (footnotes omitted.)

Some courts have even held that the difference between the market value of the probable crop and the expense of maturing, preparing, and marketing the crop is itself the measure of damages and not merely a method of determining the value of the growing crop at the time of its destruction. 21 Am. Jur. 2d, supra; 25 C.J.S., supra.

Defendant's exception to the judgment presents for review the question of whether the findings support the conclusions. In my opinion, the findings and conclusions with respect to the issue of damages demonstrate that the trial judge failed to apply the correct measure of damages in this case. The findings indicate that the two acres of soybeans were damaged sometime during the month of August 1973 and that the thirteen undamaged acres of soybeans were harvested and sold in November 1973. Obviously, the soybeans that were destroyed were not mature. No finding was made with respect to the labor and expense which might have been required to bring the additional two acres of soybeans along to the point that they could have been marketed for $5.25 per bushel. The absence of such essential findings rendered it impossible for the trial court to apply the correct measure of damages. In my opinion, the judgment should be vacated and the cause remanded for a new trial.