PATRICIA JOHNSON DENISE AND FORMER HUSBAND, FRANK DENISE v. SANDRA JOHNSON CORNELL AND HUSBAND, JAMES F. CORNELL, JR.

No. 844SC417

(Filed 15 January 1985)

**Appeal and Error § 57.3— no specific exceptions to findings of fact—scope of review**

In a declaratory judgment action to construe several devises in a will where there were no specific exceptions to the findings of fact, the court's scope of review was limited to determining whether the findings of fact supported the conclusions of law.

APPEAL by respondents from *Cowper, Judge.* Declaratory judgment for petitioners entered 1 December 1983 in Superior Court, DUPLIN County. Heard in the Court of Appeals 5 December 1984.

*Baddour, Lancaster, Parker & Hine, P.A., by John C. Hine, and Dees, Smith, Powell, Jarrett, Dees & Jones, by William W. Smith, for petitioner-appellees.*

*Jeff D. Johnson, III, for respondent-appellants.*

BECTON, Judge.

In a declaratory judgment action to construe several devises in a will of Virginia Pigford Johnson, the adoptive mother of plaintiff, Patricia Johnson Denise, and the natural mother of defendant, Sandra Johnson Cornell, the trial court concluded on 1 December 1983 that the testatrix intended to divide the 211.75 acre tract of land lying on the north side of rural paved road No.

1311 in the following proportions: Patricia was to receive Tract No. 1, containing 169.26 acres; Sandra, the contiguous Tract No. 2, containing 42.39 acres.

The trial court denied the Cornells' motion for a new trial. In addition, on 31 December 1983, in two separate orders, the trial court ordered (1) the Cornells' attorney, Jeff D. Johnson, to account for receipts and disbursements and to deposit the rental money collected from the estate in a joint account with the Denises' attorney; and (2) that the parties divide the costs of an expert witness land surveyor equally.

From the trial court's 1 December 1983 judgment, its 31 December 1983 orders, and its denial of the Cornells' motion for a new trial, the Cornells appeal. Patricia's former husband, Frank Denise, and Sandra's husband, James F. Cornell, Jr., are parties in this action.

I

Nine of the twelve assignments of error brought forward by the Cornells are based on the trial court's evidentiary rulings. Significantly, the Cornells have not made specific exceptions to the findings of fact. Rather, they have made a general exception to the "final judgment and the entry thereof." Absent specific exceptions to the findings of fact, we are unable to review the Cornells' evidentiary exceptions. *Merrell v. Jenkins*, 242 N.C. 636, 89 S.E. 2d 242 (1955); *Salem v. Flowers*, 26 N.C. App. 504, 216 S.E. 2d 392 (1975). Instead, our scope of review is limited to determining whether the findings of fact support the conclusions of law. *Id.* We find that they do.

In its judgment, the trial court found that (1) the testatrix died seized of 309.2 acres of farmland, thereafter described by metes and bounds; (2) she intended to devise 169.26 acres to Patricia and 42.39 acres to Sandra by the terms of her will, thereafter describing each tract by metes and bounds; and (3) the description in Paragraph IX of the will, cited in full, was sufficient to describe the 169.26 acre tract. It then concluded that the testatrix devised the subject property, again described by metes and bounds, to Patricia and Sandra, by the terms of her will.

Were we to base our decision instead on the evidentiary issues posed, we would still find no error. The declaratory judg-

ment action was tried before a judge without a jury. We note that the evidentiary standards are somewhat more relaxed in a trial without a jury. 1 H. Brandis, *North Carolina Evidence* Sec. 4a (2d rev. ed. 1982). As long as the trial judge has not relied on the incompetent evidence in making his findings, the admission of incompetent evidence is not reversible error if there is sufficient competent evidence to support the findings. *Id.* In the findings of fact before us, there is no proof of the trial judge's reliance on incompetent evidence. Moreover, in reviewing the record, we find competent evidence to support the trial judge's findings. Finally, none of the evidence excluded at trial, but included for review, was competent and material. *See id.*

The Cornells' remaining two assignments of error, dealing with the denial of the Cornells' motion for a new trial, and the entry of the two orders dated 31 December 1983, are without merit.

Affirmed.

Judges JOHNSON and BRASWELL concur.