**Dieter COLETTI, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 88–96.**

Supreme Court of Wyoming.

Feb. 16, 1989.

Richard H. Honaker of Honaker & Hampton, Rock Springs, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Asst. Atty. Gen., Paul S. Rehurek, Asst. Atty. Gen., argued, and Roger C. Fransen, Sr. Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant Dieter Coletti seeks remand for resentencing before a different judge. The issue arises because the sentencing judge received an ex parte communication from a deputy county sheriff just prior to the sentencing hearing.

We affirm.

Coletti was charged in two separate informations with eight counts detailing various violations of the Wyoming Controlled Substances Act of 1971, W.S. 35–7–1001 through –1057. He entered into a plea bargain; and, on November 6, 1987, he pled guilty to three charges: Possession with intent to deliver marijuana in violation of W.S. 35–7–1031(a)(ii); delivery of marijuana in violation of W.S. 35–7–1031(a)(ii); and possession of marijuana in violation of W.S. 35–7–1031(c). Other terms of the plea bargain included that the prosecution agreed that concurrent sentences would be appropriate in this case and that the prosecution would stand mute at sentencing. A presentence investigation was ordered and prepared, and it was transmitted to the district court on December 18, 1987. The sentencing was originally scheduled for January 8, 1988, but was continued until January 21, 1988. A deputy county sheriff sent a letter to the district judge dated January 18, 1988. On January 20, a copy of the letter was also sent to Coletti's attorney. We will not set the letter out verbatim, but it detailed the deputy sheriff's law enforcement contacts with Coletti and included references to suspicions and a conclusion that Coletti was "a major drug deal-

er in Cheyenne" and in the "drug business strictly to make money, as [his] 'addiction' is the 'money' not the drugs." Upon receipt of the letter, Coletti's attorney filed a motion requesting the deputy sheriff be reprimanded, the sentencing be continued, the letter be quashed and that Coletti be sentenced by another judge. The sentencing was continued, and at a hearing held on February 2, 1988, the district judge declined to reprimand the deputy sheriff who wrote the letter although he did transmit to the sheriff's office, via the district attorney, an admonition that such communications should never again be addressed to the district court and that the appropriate statutory procedures should be followed in all cases. At that hearing, the district court also specifically found that the communication was improper. He stated:

> "It appears to the court that it is not authorized by statute to consider this letter in passing upon the sentencing, and I won't consider this letter.
>
> "The question, then, the court has to answer is this: Can it fairly pass sentencing on this individual in the face of this particular letter?
>
> "The law of evidence is always, at least in matters tried to the court, it is always assumed that the court can separate in its own mind those matters which are relevant and those matters which are irrelevant; those matters which are competent and those matters which are incompetent. And, therefore, based upon those legal principles, the court will not grant the motion for change of judge. It will, however, grant the motion to quash the ex parte communication. It will grant the motion for continuance. * * *
>
> "I will not pass sentence at this time. I want to go back and review in great detail the presentence report, to see what that report shows to this court, and then I will be in a position to determine how this case should be disposed of."

Sentencing was then scheduled for February 12, 1988. The district court sentenced Coletti to two terms of eight to ten years and one term of four to five years, all sentences to be served concurrently.

Appellant stated his argument in this court to be:

> "A fundamental component of due process is a fair and impartial tribunal. In this case, after the entry of guilty pleas but before sentencing, an agent of the prosecution communicated ex parte with the sentencing judge in an illegal and unethical manner. This communication tainted the fairness and impartiality of the tribunal to such a degree that the trial court's denial of appellant's motion for change of judge and subsequent sentencing of appellant operated to deny appellant liberty without due process of law."

The State argues that the issue was not properly brought before the district court in a motion pursuant to Rule 23(e), W.R. Cr.P. and therefore the issue should not be addressed by this court. Under the circumstances presented here, we hold that the issue was properly addressed and preserved in the district court. The district court acknowledged receiving and reading the letter, and there is no question but that the communication was improper. Such a communication is clearly contrary to the procedures established by statute and rule. W.S. 7–13–303; Rule 33(c), W.R.Cr.P. Moreover, the Code of Judicial Conduct specifically prohibits a judge from considering ex parte or other communications concerning a pending proceeding. Canon 3A(4), Code of Judicial Conduct. In this case, we question the propriety of the judge reading the contents of the letter. In its very first paragraph the deputy sheriff announces that his intent is to communicate additional information to the court because the presentence report was not complete. The district court should have read no further, and perhaps this issue would have been defused. As much as we might deplore the deputy sheriff's action in sending the letter and the district court's action in reading it, we hold that merely because these acts might merit censure, they do not automatically require reversal and remand for resentencing. See *State v. Lake*, 12 Kan.App. 275, 740 P.2d 106, 111 (1987).

Coletti contends that the trial court's failure to assign another judge to pronounce

sentence violates his right to due process of law. He cites no authority for this proposition, and we have found none to support it. The relevant standard is this: A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Scheikofsky v. State,* 636 P.2d 1107, 1113 (Wyo.1981); *Hicklin v. State,* 535 P.2d 743, 751, 79 A.L.R.3d 1050 (1975). We recognize the rule that where a matter is tried to the court sitting without a jury, and in a circumstance such as this where the court is pronouncing sentence, a presumption exists that the court will not be misled or confused by what is irrelevant and is able to eliminate that which is immaterial from that which may be properly considered. See *Salem v. Flowers,* 26 N.C.App. 504, 216 S.E.2d 392, 393 (1975); *State v. Whaley,* 512 S.W.2d 431, 435 (Mo.App.1974); 89 C.J.S. Trial, § 589, pp. 373–74 (1955). In this case, the district court stated on the record that the letter was quashed and that he would not consider it in sentencing. He specifically stated that he would review the presentence report in reaching his decision. We perceive no possible prejudice where, as here, the judge states that the letter was not considered. See *State v. Dogan,* 150 Ariz. 595, 724 P.2d 1264, 1271 (1986); *State v. Matthews,* 108 Idaho 482, 700 P.2d 104, 108–109 (1985); *State v. Igo,* 194 Kan. 550, 400 P.2d 968, 971 (1965).

Coletti refers us to *Wright v. State,* 707 P.2d 153 (Wyo.1985), wherein this court overturned a sentence because of a perceived substantial failure of justice. He contends that the sentence given him by the district court is excessive in comparison to other similar cases and that an inference may be drawn that the district court's sentence therefore reflects the taint of the ex parte communication. Coletti does not refer us to cases with similar facts where lesser sentences were imposed. At the sentencing, the district court clearly stated what he considered in imposing sentence:

"I have studied this presentencing report in great detail, and I note that there is a history—an adult history of offenses. I see four offenses, the last one being 1982. There is some indication that the '73 offense was pardoned. I see two offenses dealing with possession of a— one of them is possession of marijuana, the other one is possession with intent to deliver. Those go back to 1972 and 1982. I see a charge of breaking and entering in 1974.

"There are three counts that are at issue today. One of them dealt with a transaction taking place October 29, 1986. The second one, another transaction dealing with that same date * * *. And a third one dealing with a count of August 15, 1987.

> \*     \*     \*     \*     \*     \*

"The question that I had asked myself is, in the face of the two transactions of * * * 1986, and the subsequent event of 1987 taking place in August, albeit possession, has this system done anything to get Mr. Coletti's attention, and would probation do anything to get this gentleman's attention? I think the record is clear that the answer is no."

We can draw no inference from the above that the district court was tainted by the ex parte letter. He said he did not consider it, his enunciated reasons for imposing sentence are drawn only from materials which were proper for his consideration, and the sentence finally imposed is within the set statutory limits and, in our view, wholly consistent with the seriousness of the crimes of which Coletti was found guilty.

We hold that the district court properly denied the motion for change of judge, and the judgment and sentence of the district court is affirmed.

URBIGKIT, J., dissented in the result without opinion.

MACY, J., filed a dissenting opinion.

MACY, Justice, dissenting.

I dissent. Regardless of the judge's affirmative statement that he did not consid-

er the deputy sheriff's letter, it appears that he did so. The form completed by the judge setting forth factors involved in the sentencing decision clearly shows that he attached great importance to the defendant being the leader of the criminal enterprise. Other than the letter, there is nothing in the record to indicate such.

I would reverse and remand for resentencing before another judge.