Dieter COLETTI, Petitioner,

v.

The STATE of Wyoming, Respondent.

No. 90-95.

Supreme Court of Wyoming.

Nov. 28, 1990.

Petitioner herein having filed a Petition for a Writ of Certiorari to Review the Denial of a Petition for Post-Conviction Relief by the First Judicial District Court, Docket Number 18-202 & 18367, Nicholas G. Kalokathis, Judge; Respondent having filed a Brief in Opposition to Petition for Writ of Certiorari; and Petitioner having filed a Reply Brief, to review a decision by the District Court, First Judicial District, Laramie County, Wyoming, Docket Nos. 18-202 and 18-367, and it appearing that such writ should not be issued, it is therefore

ORDERED that Petitioner's Petition for a Writ of Certiorari to Review the Denial of a Petition for Post-Conviction Relief by the First Judicial District Court, Docket Number 18-202 & 18-367, Nicholas G. Kalokathis, Judge, is hereby denied.

URBIGKIT, C.J., would have granted Petitioner's Petition for Writ of Certiorari and dissents to the order denying Petitioner's Petition for Writ of Certiorari.

URBIGKIT, Chief Justice, dissenting.

This post-conviction relief proceeding under W.S. 7-14-101 through 7-14-108 addresses contended violation of constitutional rights involved in conviction following affirmation of the conviction on initial appeal, *Coletti v. State*, 769 P.2d 361 (Wyo. 1989) (*Coletti I*). Petitioner entered a guilty plea and the only issue originally raised in *Coletti I* was the improper ex parte communications that related to sentencing.

In this succeeding post-conviction relief proceeding, *Coletti II*, a broad range of constitutional issues were advanced in the forty-three page petition which included:

(a) * * * petitioner was denied his constitutional rights of due process by a guilty plea that was illegally and unconstitutionally induced by threats and promises * * *;

(b) * * * petitioner was denied his constitutional rights of due process by the Agents of the State in their gross and unconscionable overreaching in the investigation and prosecution of the defendant;

(c) * * * petitioner was denied his due process rights of exculpatory evidence; that the evidence in the possession of the State was inadmissible as a clear and undisputed matter of law * * *;

(d) * * * petitioner was denied his due process rights of exculpatory evidence; that he was not guilty of the charges for which he was instructed to plead guilty * * *.

Those contentions were then restated in organization of the post-conviction relief petition to include:

(a) Whether constitutional and statutory authority exists for the Court requiring the defendant or petitioner to waive substantive constitutional and statutory rights absent the knowledge of those rights, and can the implied waiver created by compliance with the Court's order be irrefutably presumed valid to the prejudice of the defendant or petitioner;

(b) Whether the guilty plea was invalid because it was not made voluntarily with a complete understanding of the charges against the defendant, and that the evidence obtained was required to be suppressed by the mandatory requirements of Acts of Congress of the United States and the State of Wyoming;

(c) Whether the guilty plea was procured by an unconstitutional reliance upon a fallacious presumption; procured by the infringement of Petitioner's substantive Constitutional rights[.]

The State responded to that forty-three page petition and fifty pages of attachments by a motion to dismiss for failure to state a claim, factually contesting that the pleas were unlawfully introduced or not

made voluntarily with an understanding of the nature and consequences of the pleas; not induced by withholding from the defense that evidence as allegedly inadmissible; and by the legal argument rejecting denial of due process.

Following articulation of the factual dispute first recognized, the State premised support for dismissal that (a) voluntariness of the guilty plea could only have been raised on initial, direct appeal and was now foreclosed from further constitutional review by res judicata; (b) the second argument presented by citation of the *Brady* trilogy[1] discussed dismissal contention that the guilty plea waives all claims for defects in prior proceedings (apparently including whether a guilty plea may have been unlawfully induced had been waived by the guilty plea).

A hearing was held where the petitioner testified on the motion to dismiss.[2] The decision letter stated that "[a]fter considering the post-conviction petitions filed by defendant, the Court is of the view that they should be denied. The State is requested to prepare an appropriate order." The judgment in dispository content provided:

> IT IS ORDERED, that in accordance with the Court's decision letter of March 15, 1990, which is attached and fully incorporated in this Order, that Petitioner's Petition to Vacate or Set Aside Judgment and Sentence by a Person Serving a Felony Sentence in the Custody of a Wyoming State Penal Institution be and hereby is denied.

It is first apparent that the decision neither provides the determinative basis for sustaining a motion to dismiss where factual issues were clearly created nor includes findings or conclusions which would guide this court in understanding what, if any, argument of the State was used for decision.

W.S. 7–14–106(c) provides that "[t]he final judgment or order on a petition under this act shall state the basis for the court's decision and may contain findings of fact and conclusions of law."

The unfavorable decision in the district court was resolved when the motion to dismiss was sustained on the post-conviction relief petition and then followed by an appropriately filed eighty-three page petition for writ of certiorari in this court. The State responded to the petition by three defined arguments:

I.   Whether a Petition for Writ of Certiorari should be granted?

II.   Whether the Petition for Post–Conviction Relief was properly denied?

III.   Whether the district court was required to make findings of fact and conclusions of law in denying post-conviction relief.

By first argument, the State contends for a restrictive use of certiorari to address any appellate interest of the incarcerated individual that considers constitutional rights advanced in a petition for post-conviction relief. In second argument, the State reiterates its district court contention that the violations of the guilty plea process were foreclosed by res judicata and also *waived by guilty plea*. The State then addresses an evidentiary transcript for the apparent purpose of factually dispelling the involuntary plea contention of petitioner:

> The record simply belies any claim that Petitioner now asserts that he did not voluntarily, knowingly, and understandingly enter the pleas of guilty.

---

**1.**  *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

**2.**  Two dispositive orders first related the subject: Petitioner's Petition to Vacate or Set Aside Judgment and Sentence By a Person Serving a Felony Sentence in the Custody of a Wyoming State Penal Institution, which invoked Wyo.

Stat. §§ 7–14–101 through 7–14–108; Supplement to Petition to Vacate or Set Aside Judgment and Sentence by a Person Serving a Felony Sentence in the Custody of a Wyoming State Penal Institution; Petitioner's Traverse to Respondents' Motion to Dismiss; Memorandum in Support of Petitioner's Traverse to Respondents' Motion to Dismiss; and Respondent's Motion to Dismiss; and Memorandum in Support of Motion to Dismiss.

Consequently, the district court was correct in denying Petitioner post-conviction relief. On the basis of this record, Respondent maintains that the district court's determination was correct and a writ of certiorari should not be granted.

*The problem with this argument is that it comes on a motion to dismiss for failure to state a claim decision.*

In final argument, the State attacks petitioner's contention that the citing court should have provided findings and conclusions. The proper question is whether the "final judgment * * * *shall* state the basis for the court's decision" as statutorily required and not whether that purpose may be accomplished by "findings of fact and conclusions of law." W.S. 7–14–106(c) (emphasis added). Obviously, the district court's decision did not comply with the statutory delineation for decision.

The procedural disabilities of this court's decision in denial of the petition for writ of certiorari are self-evident and will not be highlighted further by extending this dissent. I do not necessarily believe that the final action of the district court should have been reversed or would have been reversed if this court had chosen to analyze carefully and address all of the presented issues, including sentencing included by sustaining a motion to dismiss where a factual issue existed, procedural forfeiture of constitutional rights and the constitutional effect of an involuntary guilty plea.

To reiterate what I have so frequently stated, including the extended discussion in dissent in *Cutbirth v. State*, 751 P.2d 1257 (Wyo.1988), we would singularly benefit the state and the justice delivery system if we were to decide constitutional issues on the merits. Our processes would be simplified, and re-reference by rote and near total relinquishment to the courts of the federal system could be diminished if not avoided. Substantively here, with real issues and factual conflict that should have been addressed and philosophically for the reasons expressed in *Swazo v. State*, 800 P.2d 1152 (Wyo.1990) where I dissented to the denial of the writ of certiorari to a denied petition for post-conviction relief, I again dissent.

If post-conviction petitions are brought to remedy violations of constitutional rights that were not raised on appeal, then declining to review a district court denial of a petition for post-conviction relief forecloses judicial protection of the guarantees of the Wyoming Constitution. I believe that our action, by denying a right of appeal and rejecting the petition for writ of certiorari, violates both W.S. 7–14–103(a)(i) and petitioner's substantive due process which I would find to be specifically mandated by the constitution of this state. We create the worst of all worlds by significantly extending adjudicatory processes to require factfinding in the federal courts, and at the same time, significantly compressing or depressing the constitutional protections of the Wyoming Constitution.