Jerry Lee **ROACH**, Petitioner,

v.

The **STATE** of Wyoming, Respondent.

No. 90–282.

Supreme Court of Wyoming.

Nov. 29, 1990.

## ORDER DENYING PETITION FOR WRIT OF CERTIORARI AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter came on before the Court upon a Petition for Writ of Certiorari and Motion for Appointment of Counsel seeking review of a decision of the District Court of the Sixth Judicial District of Campbell County by Petitioner pro se, and the Court having considered the Petition for Writ of Certiorari, Motion for Appointment of Counsel, and the records and files of the Court, and being fully informed, finds that the Petition for Writ of Certiorari and Motion for Appointment of Counsel should be denied because the Petitioner's right to appeal the decision of the district court constitutes an adequate remedy, and it, therefore, is

ORDERED that the Petition for Writ of Certiorari and Motion for Appointment of Counsel be, and the same hereby are, denied.

URBIGKIT, C.J., would have granted the Petition for Writ of Certiorari and dissents from the order denying Petitioner's Petition for Writ of Certiorari.

URBIGKIT, Chief Justice, dissenting.

This petition for a writ of certiorari from a denial of a petition for post-conviction relief addresses multiple convictions of burglary and resulting sentence in the Sixth Judicial District. In pursuit of my firm judgment that we cannot constitutionally deny review by this court where the post-conviction relief proceeding is utilized to address contended violations of constitutional rights, I dissent.

Following the reasons expressed in *Swazo v. State*, 800 P.2d 1152 (Wyo.1990), Urbigkit, Chief Justice, dissenting, my conviction remains unaltered that this court's declination to *review* a district court denial of a petition employs a foreclosure and creates an abandonment of our constitutional responsibilities to enforce the Wyoming Constitution.

Admittedly, this record, as presented by a slim petition and few attachments, affords us little opportunity to make any informed decision. For that reason, I also reject our present denial of petitioner's request to have the assistance of counsel for this presentation of substantive legal questions. Denial of the assistance of counsel causes concern about the majority's expectation and implementation of the Wyoming Constitution in asking someone who is untrained in the law to navigate through their construction of W.S. 7-14-101 through 7-14-108 without an attorney. *See* Note, *Post Conviction Relief: Do It Once, Do It Right and Be Done With It*, XXIV Land & Water L.Rev. 473 (1989).

Obviously, this proceeding is a difficult case which might have been substantively resolved with reasonable efficiency in recognition of petitioner having initiated an appeal from the original sentence and then approved its dismissal for reasons presently unexplained in any fashion in this record. We do know that the claims considered by the district court in the post-conviction relief denial as now presented by this petition include, as quoted from the district court's Findings of Fact:

> (1) the plea agreement was allegedly violated since he was lead to believe that all four of the sentences would run concurrently; (2) effective assistance of trial counsel was allegedly violated; (3) he was allegedly prejudiced and denied a "proper" hearing on the motion for severance; and (4) he was allegedly denied access to the courts.

I reject denial to petitioner of the informing assistance of a lawyer in responsible present review substantively of issues he presents to assess constitutional deprivation and merit. Following my perspective for all post-conviction relief petitions, we, by substantive review, *should do it once, do it right, and be done with it.* What seems so strange to me since I so strongly believe in due process is that in a *very* high

percentage of cases on substantive review, we would affirm prior decisions and convictions. The convicted would know, however, that his concerns were considered.

Consequently, I dissent from rejection of any review and from denial of legal assistance for proper presentation to provide qualitative substantive review.