**John MILLER, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. 91–58.**

Supreme Court of Wyoming.

March 11, 1991.

Order Granting Motion for Leave To Proceed In Forma Pauperis and Order Denying Petition For Writ of Certiorari

Petitioner herein having filed a Motion for Leave to Proceed in Forma Pauperis and a Petition for Writ of Certiorari to the Wyoming Supreme Court to review a decision by the District Court, First Judicial District, Laramie County, Wyoming in the case entitled State of Wyoming v. John Miller, Docket No. 17–453, and Respondent having filed a Respondent's Brief in Opposition to Petition for Writ of Certiorari, and it appearing that such writ should not be issued, it is therefore

ORDERED that Petitioner's Motion for Leave to Proceed in Forma Pauperis is hereby granted; and it is further

ORDERED that Petitioner's Petition for Writ of Certiorari is hereby denied.

URBIGKIT, C.J., dissenting.

URBIGKIT, Chief Justice, dissenting.

I remain convinced, as recognized in prior dissents, *Roach v. State*, 801 P.2d 1037 (Wyo.1990); *Swazo v. State*, 800 P.2d 1152 (Wyo.1990); *Coletti v. State*, 769 P.2d 361 (Wyo.1989), that the legislature cannot constitutionally deny an opportunity as a matter of right for the incarcerated litigant to obtain consideration in this court of constitutional deprivation questions. If the right of repeal is rejected, this court is required to grant certiorari. Otherwise, we neither meet the requirements of our oath of office, Wyo. Const. art. 6, § 20, to "support, obey and defend * * * the constitution of this state," nor the general appellate jurisdiction emplaced by Wyo. Const. art. 5, § 2, "[t]he supreme court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes * * *." I fail to find morality, legality or constitutionality in denial of access by appeal to this court where issues of constitutional deprivation of basic rights by acts of the state are put into issue. This is, after all, the function of post-conviction relief pursuant to its history and heritage. W.S. 7–14–101 through 7–14–108.

Leaving the unchallengeable constitutional authority and responsibility of this court unanswered, I further reject the denial of certiorari in this case within the facts provided in the Petition for Writ of Certiorari. Petitioner sets forth ten issues in his petition:

Argument 1

The petitioner was denied the effective assistance of counsel by defense counsel's failure to object to the introduction of evidence of the petitioner's involvement in a motorcycle club(s) as evidence of prior bad acts of the petitioner.

Argument 2

The petitioner was denied the effective assistance of counsel by the acts and omissions of defense counsel in presenting the petitioner's defenses of not guilty by reason of insanity and not triable by reason of insanity.

Argument 3

The petitioner was denied the effective assistance of counsel by defense counsel's statement to the jury that the petitioner refused to be interviewed by the police at the time of his arrest.

Argument 4

The petitioner was denied the effective assistance of counsel by defense counsel's use of a dummy upon which the multiple wounds of the decedent were illustrated for the jury.

Argument 5

The petitioner was denied the effective assistance of counsel by defense counsel's failure to object to the introduction of testimony to the effect that petitioner's codefendant pleaded guilty to the homicide.

Argument 6

The petitioner was denied the effective assistance of counsel by defense counsel's failure to object to the introduction of testimony that the petitioner, charged with being an accessory before the fact to murder, had himself committed the murder in question.

Argument 7

The petitioner was denied the effective assistance of counsel by the multiple acts and omissions of defense counsel, including those described in Arguments 1, 2, 3, 4, 5 and 6 above.

Argument 8

The petitioner was denied the effective assistance of counsel, and the trial court erred, when the trial court failed to hold a hearing upon the petitioner's written complaint to the court that defense counsel was not competently conducting the defense and that defense counsel was operating under a conflict of interest.

Argument 9

The trial court erred in failing to order, sua sponte, a change of defense counsel upon the ruling of the United States District Court for the District of Wyoming in the case of *Osborn v. Shillinger, et al*, 639 F.Supp. 610, [(1986)] wherein that court ruled that defense counsel Leonard D. Munker had turned against his own client in that case in attempting to secure the death penalty for that client.

Argument 10

The petitioner was denied the effective assistance of counsel on direct appeal by appellate counsel's failure to raise as an issue the ineffective assistance of trial counsel.

We are presented by these issues broad ineffectiveness of trial and appellate counsel contentions with neither subject having been previously considered in appellate review nor by actual trial court hearing process. Intrinsic to this briefing is the consideration that the public defender's office provided representation in trial and then handled the original appeal, *Miller v. State*, 755 P.2d 855 (Wyo.1988), within which no consideration was given to any ineffectiveness issue in the murder case resulting in a life sentence. *See McCall v. District Court for Twenty–First Judicial Dist.*, 783 P.2d 1223 (Colo.1989) and Note, *Developments in the Law—Conflicts of Interest in the Legal Profession*, 94 Harv.L.Rev. 1244 (1981).

Disposition of petitioner's petition in the trial court came on action granting the State's motion to dismiss stating failure to state a claim, lack of jurisdiction and substantiality in "that the various grounds stated for relief are wholly meritless and unsupported by the record of the proceeding which resulted in Petitioner's conviction, and to deny Petitioner the appointment of counsel."

Apparently or obviously, petitioner was not provided assistance of counsel in trial court to supplement and present his petition as an incarcerated individual in the Wyoming State Penitentiary and the motion to dismiss was granted without holding any evidentiary hearing.[1]

---

1. Unfortunately, by virtue of the nature of consideration in a petition for writ of certiorari and that the petition presents pleadings prepared without the assistance of counsel, we do not have the record of the trial court proceeding to specifically determine what occurred. We can tell what the State provided in the trial court since their motion to dismiss now filed here and a supporting memorandum of thirty-nine pages which addresses the issues substantively in the trial court are attached to provide the substance in present resistance by argument that the petition for writ of certiorari should not be granted.

The prefatory comment of the State in resistance states:

Review of the above-noted submissions of the parties will reveal Petitioner's failure to state a claim before the district court for which post-conviction relief could be granted. It will further reveal that the various grounds which he stated for such relief are completely without merit and wholly unsupported by the record of the proceedings resulting in his conviction. There is nothing rare and unusual or special and important about this case. Justice

It is obvious beyond any reasoned question that the "apparent" challenges to ineffectiveness of counsel addressed in the trial court petition and memorandum actually do "state a claim." Issues of factual sufficiency and textual validity are not properly the subject of a motion to dismiss for failure to state a claim. W.R.C.P. 12(b)(6). When we move to the valid component of the State's resistance in trial court continued now in this tribunal "that the various grounds which he stated for such relief are completely without merit and wholly unsupported by the record of the proceedings resulting in his conviction", it does not provide an issue properly subject to W.R. C.P. 12(b)(6) dismissal treatment.

This court continues to dig a bigger hole unescapable by logic in these summary ineffectiveness dispositions. *See Murray v. State*, 776 P.2d 206 (Wyo.1989), Urbigkit, Justice, dissenting; *Kallas v. State*, 776 P.2d 198 (Wyo.1989), Urbigkit, Justice, dissenting; *Amin v. State*, 774 P.2d 597 (Wyo.1989), Urbigkit, Justice, dissenting; and *Cutbirth v. State*, 663 P.2d 888 (Wyo. 1983), Urbigkit, Justice, dissenting.

We foreclose state court system resolution of its own adjudicatory responsibility and convert the federal judicial system into our appellate review agency. See, for example, *Osborn v. State*, 806 P.2d 259 (Wyo. 1991); *Osborn v. Shillinger*, No. C89–0073J (D.Wyo. October 4, 1989); *State v. Osborn*, No. 31–91 (Wyo. April 5, 1989) (Judgment and Sentence); *Osborn v. Shillinger*, 639 F.Supp. 610 (D.Wyo.1986), *aff'd* 861 F.2d 612 (10th Cir.1988); *Osborn v. Shillinger*, 705 P.2d 1246 (Wyo.1985); and *Osborn v. State*, 672 P.2d 777 (Wyo.1983), *cert. denied* 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984).

Constitutionally and practically, I continue to believe Wyoming litigation should be resolved within the Wyoming judiciary and resist completely the conversion of our entire system into an intermediate adjudicatory system with the appellate function to be exercised by the federal courts. We should not opt out for the considerably more cumbersome and expensive federal judicial process. We may tell ourselves, in inane hope, that there are no constitutional issues involved in these questions of ineffectiveness of trial and appellate counsel, but inevitably the determined law and clear federal precedent will again provide decisional considerations in those cases to the contrary in the federal judicial system. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, *reh'g denied* 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *Anders v. State of California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh'g denied* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).

Real issues of actual significance are presented involving both the Wyoming and United States Constitutions. I would decide here how valid they may be and not alternatively pass on to another system of constitutional courts. Consequently, I dissent to denial of any review by this court. This is exhaustion of remedies by denied access in this court rather than adjudicatory assessment and determination. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

and fairness were in no way compromised. Consequently, no writ of certiorari should issue in this case.